### In re PINKO.

### BABE v. PINKO.
### No. 6380.

Circuit Court of Appeals, Seventh Circuit.
Feb. 4, 1938.

Joseph F. Studnicka, of Milwaukee, Wis., for appellant.

W. H. Churchill and Joseph E. Rapkin, both of Milwaukee, Wis., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is an appeal from an order granting a discharge to appellee who was adjudicated a bankrupt July 26, 1936. Objection was made thereto on the grounds contained in sub-divisions 2, 3, and 7, paragraph b of section 32, 11 U.S.C.A.

Appellee, in his petition, describes himself as a building contractor who has been engaged at a weekly salary of $15, as the manager of a garage owned by his wife, Lorraine, whom he married July 12, 1932. Ruth, a former wife, had previously divorced him, and on September 24, 1930, pursuant to a settlement agreement in the divorce action, certain assets in the form of real estate were conveyed by her to him. The name of his sister was inserted in all the instruments of conveyance except three, and in those one Charles Morris was named grantee. All of said deeds were properly recorded. Most of this property has since been sold, and it seems to be the contention of appellant that the proceeds thereof, to the extent of $1,850, were invested in the garage business owned by appellee's present wife, and that, as a result, appellee has an interest in such property which he has concealed from his creditors. It is also claimed there has been no accounting of the proceeds from the sale of the property conveyed to Morris. It is admitted that any concealment shown took place more than twelve months prior to the bankruptcy proceedings, in fact, several years before, but it is claimed the concealment was of a continuing nature, and therefor was such as to sustain the objections made to the discharge. The District Court overruled appellant's objection, and in a memorandum opinion said:

"The difficulty with this case is in finding any certainty of proofs. The bankrupt early in 1930, '31, had a divorce case with a former wife, in which certain transfers of property were made to or for the benefit of the defendant. At least that is the contention made upon the deeds. Subsequently, he remarried, and is now managing a garage for his present wife; but so far as establishing the specifications are concerned, the proof rests upon testimony four, five and six years old; and as against such testimony his present testimony as to property owned when going into bankruptcy, also the testimony of his present wife sufficiently clears up the situation so that the Court cannot find that at the time of bankruptcy he concealed any property."

An examination of the record convinces us that the court below made a correct analysis of the situation. Most of the acts complained of occurred several years previous to the bankruptcy proceeding, and there is evidence which sustains the conclusion that such deficiencies were satisfactorily explained. It is true, the record discloses the deposit of $1,850 in the bank account of appellee's wife at the time she purchased the garage, and this would seem to indicate that appellee had some interest in the business. There is testimony, however, to the effect that he withdrew from her account a sum in excess of this amount. What he did with this money is not shown. It is disclosed that he was under obligation to pay $150 for the support of his former wife and children. Again we are unable to determine from the record whether this amount was to be paid monthly or yearly, but we assume it was that amount per month. If this assumption is correct, there is nothing in the record to indicate for what length of time these payments were made. It is of some significance that there was a lapse of more than five years between the time appellee first realized on the alleged concealed assets and the time when he filed his petition. Taking into consideration his attendant living expenses and the existing obligation with reference to his former wife and children, it is not difficult to conclude that such assets as he is shown to have possessed were entirely consumed in the intervening years.

Complaint was also made that appellee failed to keep books of account from which his financial condition and business transactions might be ascertained. He testified that such books were kept while he was engaged in the contracting business and were in the possession of his former wife. Appellant, apparently, made no effort to require their production and is now in no position to complain. Evidently, the statute requiring such books of account could have no application to the period when he was employed at a salary of $15 per week.

The burden was upon appellant to prove the objections made to appellee's petition for discharge. Whether such burden was sustained was a question of fact addressed to the sound discretion of the District Court. We find no abuse in the discretion as exercised.

Order affirmed.