## In re GOLDMAN.
### No. B36325.

District Court, E. D. New York.
March 6, 1941.

A. James Jacobs, of New York City, for bankrupt.

Samuel Gursky, of New York City, for trustee and objecting creditor.

Edward C. McDonald, of Brooklyn, N. Y., referee in bankruptcy.

GALSTON, District Judge.

The referee sustained specifications of objections to the bankrupt's discharge which alleged failure to keep books and records from which his financial condition could be ascertained and failure to account for a discrepancy between assets and liabilities.

The bankrupt was engaged as a clothing operator on men's clothes, working on a machine. He was never in business for himself. He was paid on the basis of piecework and received his wages weekly. He never kept any records except a tally each week of what he was entitled to receive on the basis of his piecework.

In the facts stated I cannot see that this bankrupt needed to keep books. Monies that he lent to members of his family certainly did not require him to keep books, and the nature of his employment as a pieceworker likewise created no such necessity. The matter of the loans for isolated transactions was most obviously not of a business nature but for personal accommodation. He did not need the assistance of books to know what his assets and liabilities were. Southern Rock Island Plow Co. et al. v. Florence, 5 Cir., 29 F.2d 397; In re Earl, 8 Cir., 45 F.2d 492; In re Pinko, 7 Cir., 94 F.2d 259; In re Rios, D.C., 27 F.Supp. 744. In the circumstances it seems that ample grounds exist which justify the bankrupt in having failed to keep books.

In respect to the second ground of objection that the bankrupt does not account for the difference between his assets and liabilities, there is no ground asserted for the finding of the referee save his inference that without the production of proper books and records the bankrupt is not in a position to account for the difference between his assets and liabilities. There is no proof, as I read the record, which supports this specification.

The order of the referee will be reversed. Settle order.