48

In the Matter of Arthur M. MILDER, Bankrupt.
No. 50837.

United States District Court
E. D. New York.
May 11, 1955.

Zalkin & Cohen, by Sherwin A. Rodin, and Theodore Wolff, New York City, for trustee.

Liebowitz, Colbert & Deixel, by Sam Panish, Brooklyn, N. Y., for bankrupt.

RAYFIEL, District Judge.

The Trustee herein petitions this Court for a review of the order of Hon. Louis J. Castellano, dated December 29, 1954, dismissing the specifications of objection and granting a discharge to the bankrupt.

The Trustee had filed the following specifications of objection to the bankrupt's discharge:

"1. The bankrupt has committed offenses punishable by imprisonment as provided under Title 18 United States Code, Section 152, in that

"A. The bankrupt has knowingly and fraudulently made false oath in this proceeding, in that in his Statement of Affairs sworn to June 3, 1953 and filed herein, he swore that no transfers had been made by him of any property within the year immediately preceding the filing of the petition in bankruptcy herein (which petition was filed on June 4, 1953), whereas in truth and in fact

"I) on or about May 22, 1953 and May 27, 1953 (within one year immediately preceding the filing of the petition in bankruptcy herein), the bankrupt transferred to his wife Ada S. Milder, the sum of $80.00, being a part of his share of a settlement of a claim of the said bankrupt and his said wife against National Transportation Co., Inc. and Max Cohen, and on or about the same date transferred to his said wife his interest in a check in the sum of $120 drawn to the order of his said wife and himself;

"II) in or about the month of April, 1953 the bankrupt transferred to his wife, Ada S. Milder, the sum of approximately $600.00 received from the Unit-

ed States of America as a refund of income taxes paid for the year 1952.

"B. The bankrupt had knowingly and fraudulently made a false oath in this proceeding in that he swore that Schedule 'B' of his schedules in bankruptcy herein constituted a statement of all of his property, real and personal, whereas in truth and in fact there was omitted from the said schedule the unexpended portions of the aforesaid sums of $80.00, $120.00 and approximately $600.00, which constituted his property and which were held by his wife for him.

"2. The bankrupt has

"A. Destroyed books of account and records from which his financial condition and business transactions might be ascertained, to wit: bank statements, cancelled vouchers and bank deposit book in connection with a bank account maintained by him in Manufacturers Trust Company, 376 Grand Street, New York, New York, for the year 1952 and a portion of the year, 1953, and for periods prior thereto.

"B. Concealed the aforesaid records from which his financial condition and business transactions might be ascertained.

"C. Failed to keep or preserve the aforesaid records from which his financial condition and business transactions might be ascertained.

"D. Failed to keep books of account and records from which his financial condition and business transactions might be ascertained.

"3. A. On or about October 6, 1952, subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy herein, the bankrupt transferred certain of his property, to wit; the real property commonly known as 50 Falmouth Street, Brooklyn, New York, to his wife, Ada S. Milder, with intent to defraud or to hinder or delay his creditors.

"B. On or about between May 22, 1953 and May 27, 1953, subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy herein, the bankrupt transferred certain of his property consisting of the sums of $80.00 and $120.00 to Ada S. Milder, his wife, with intent to defraud or to hinder or delay his creditors.

"C. In or about the month of April, 1953 subsequent to the first day of the twelve months immediately preceding the filing of the petition in bankruptcy herein, the bankrupt transferred certain of his property consisting of the sum of approximately $600.00 received as a refund from the United States of America of income taxes paid for the year 1952 to his wife, Ada S. Milder, with intent to defraud or to hinder or delay his creditors."

The Referee held hearings on the specifications on April 12, 1954, May 10, 1954, and September 8, 1954.

As to the first specification, the Referee found that the bankrupt, at the time of the filing of the petition in bankruptcy on June 4, 1953, did not have any part of the proceeds of the aforementioned three checks for $600, $120 and $80. At the time he received the checks he was unemployed. When the Government refund check arrived in April, 1953, he had not yet received the first installment of his unemployment insurance benefits. He endorsed and delivered the check to his wife, who cashed it and used the proceeds thereof for the living expenses of themselves and their two children. In May, 1953, when he received the checks for $80 and $120, he was still unemployed (he did not obtain employment until October, 1953) and he made similar disposition of those checks. Incidentally, the latter two checks were listed in his Statement of Affairs.

It is well settled that the Court must accept the Referee's findings unless they are clearly erroneous. General Order 47, 11 U.S.C.A. following section 53; Morris Plan Industrial Bank v. Henderson, 2 Cir., 131 F.2d 975. It is my opinion that Referee Castellano's findings respecting the first specification, far from being clearly erroneous, are amply supported by the evidence.

The second specification of objection concerns the bankrupt's failure to keep and preserve books and records from which his financial condition could be ascertained. The record reveals that the bankrupt was an employee of A. Milder & Sons, Inc., a corporation. He was its vice-president and secretary but had no power or authority in the affairs of the corporation. He owned none of its stock, all of which was owned or controlled by his father.

His only income during the period from 1950 to February, 1953, was the salary which he received from the corporation and deposited in his account at the Manufacturers Trust Company, Grand Street Branch. Against this account he drew about ten checks a month to cover his household expenses. Except for a few minor items his liabilities resulted from his endorsement of corporate notes. The learned Referee found that under these circumstances the bankrupt's "conduct and actions as to his personal books and records appears to have been justified." I agree. In my opinion there was no intent on the part of the bankrupt to conceal his financial condition. Cf. Southern Rock Island Plow Co. v. Florence, 5 Cir., 29 F.2d 397; In re Goldman, D.C., 37 F.Supp. 761; In re Rios, D.C., 27 F.Supp. 744.

The third specification is based on the conveyance by the bankrupt of his home at 50 Falmouth Street, Brooklyn, to his wife, under a deed dated, April 8, 1952, and recorded on October 6, 1952, and which was reconveyed to him prior to the filing of the petition in bankruptcy. The Referee found, justifiably, that at the time of his transfer of the property the bankrupt was not insolvent; that the bulk of his liabilities arose from his endorsement of corporate notes on which there were no suits then pending or threatened; that the transfer was not made to hinder, delay, or defraud creditors, since the bankrupt had reason to believe that the corporation was solvent at the time. The Referee heard the testimony of the bankrupt, observed his demeanor on the witness stand, and had a better opportunity to judge his truthfulness than a mere reading of the record can provide. I believe his decision was supported by the record.

The petition for review is therefore denied.