**In the Matter of Allan T. HELGELAND, Bankrupt.**

**No. 66–B–2235.**

United States District Court
E. D. Wisconsin.

June 8, 1967.

William Platt, Genoa City, Wis., for bankrupt.

David B. Williams, of Richardson & Hammett, Delavan, Wis., for creditor, Hubbard Milling Co.

MYRON L. GORDON, District Judge.

A creditor, Hubbard Milling Co., seeks review of an order by the referee in bankruptcy which denied its objections to the discharge of the bankrupt, Allan T. Helgeland.

Hubbard Milling Co. objected to Mr. Helgeland's discharge on the ground that the bankrupt obtained credit or an extension or renewal thereof by submitting a false financial statement. Mr. Helgeland owed approximately nine thousand dol-

lars ($9,000) to Hubbard Milling Co. on February 24, 1966; in his financial statement at that time, he listed, as an asset, real estate in the sum of twenty-two thousand dollars ($22,000). After submitting his financial statement, Mr. Helgeland made purchases in the sum of twelve hundred dollars ($1200) and made payments through April 27, 1966, totaling fourteen hundred dollars ($1400).

The principal falsity attributed by Hubbard Milling Co. to Mr. Helgeland concerns the value of his interest in the real estate. A divorce decree had been entered on February 7, 1966, which provided that the real estate in question was to be sold for not less than twenty thousand dollars ($20,000), with the proceeds to be divided equally between Mr. Helgeland and his wife.

Hubbard Milling Co. contends that the inclusion of his wife's equity in the value of the real estate was a material misrepresentation and a "false statement" within Section 14(c) (3) of the Bankruptcy Act. There was a mortgage against the real estate of just over eleven thousand dollars ($11,000). This also is said to have rendered the twenty-two thousand dollar ($22,000) estimate false.

Mr. Helgeland's evaluation of his interest in the real estate was incorrect. It is of significance that the twenty-two thousand dollar ($22,000) figure appearing on the February 24, 1966 financial statement is the same figure that was set forth on two earlier statements which had been furnished by Mr. Helgeland in 1962 and 1964 to Hubbard Milling Co. This court accepts as factually accurate the following statement of the referee in bankruptcy contained in his opinion dated April 3, 1967:

> " * * * The Court observed his appearance and demeanor on the witness stand and believes his statement that his failure to mention his wife's interest in the homestead was inadvertent. * * * "

It does not follow that because Mr. Helgeland's statement was in error, that it was necessarily false. Feldenstein v. Radio Distributing Company, 323 F.2d 892 (C.A.6, 1963); In re Milder, 131 F.Supp. 48 (D.C.N.Y., 1955). Mr. Helgeland was not, in the words of the referee, "a sophisticated businessman." The bankrupt has met his burden of proving that he has not committed an act which would prevent his discharge. Johnson v. Bockman, 282 F.2d 544, 545 (C.A.10, 1960).

The court concludes that the factual conclusions reached by the referee are warranted in this case and that the order denying the objections to the bankrupt's discharge should be affirmed. Counsel for the bankrupt may submit an appropriate order for signature after first exhibiting the same to petitioner's counsel.