In re Martin S. & Corrine A. TOCCI, Debtors.

**APPLIANCE BUYERS CREDIT CORPORATION, Plaintiff,**

v.

**Martin S. & Corrine A. TOCCI, Defendants.**

**Bankruptcy No. 83–01158–BKC–TCB. Adv. No. 83–0766–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Oct. 24, 1983.

Robert C. Furr, Boca Raton, Fla., for debtors.

Scott A. Silver, Miami, Fla., for plaintiff.

MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

A judgment creditor seeks exception from discharge under 11 U.S.C. § 523(a)(4)

and denial of discharge under § 727(a)(3) and (5). The debtors have moved to dismiss and have answered. The matter was tried on October 18.

█ The facts are largely undisputed. The debtor/husband, together with a partner, operated a retail appliance store through a corporation controlled by the two individuals. Plaintiffs financed the business inventory under an inventory financing agreement under which the corporation agreed to hold in trust the proceeds from the sale of the merchandise, accounting to plaintiff for the sums owed to it. Admittedly, the corporation breached this agreement and used a substantial part of its cash receipts to pay other obligations of the business, rent, utilities, the cost of other goods as well as other business expenses. No part of the proceeds were used other than for business purposes. The diversion of the funds was necessary to keep the business open. Neither the debtor/husband nor his partner intended to defraud the plaintiff through the breach of the agreement, but the money was diverted knowingly and willingly by Tocci and his partner. They benefitted personally from the diversion only to the extent that the diversion made it possible to keep their business open and they believed, until a Sheriff's levy of August 13, 1982, that they could save their business.

There is no evidence that the debtor/wife had any connection with the business nor is there any evidence in support of any allegation made against her. The complaint will be dismissed with prejudice as to the debtor/wife.

█ Plaintiff has alleged under § 727(a)(3) that the debtor has failed to keep adequate books "from which the debtor's financial condition or business transactions might be ascertained." The allegation is based solely on the fact that he does not have custody or control over the corporate financial records. I am convinced that an individual's discharge cannot be denied under this provision because corporate financial records are inadequate where, as is the case here, the corporation is a bonafide separate entity. Even if I am mistaken, the undisputed evidence here is that Tocci had no responsibility for the corporate financial records (which were kept by his partner) and these records were all removed by and, presumably, remain in the custody of the Sheriff. Plaintiff has failed to prove any basis to deny discharge under § 727(a)(3).

█ Plaintiff also seeks denial of discharge under § 727(a)(5) on the ground that there was an approximate shortage of between $4,000 and $5,000 worth of merchandise at the time of the Sheriff's levy. The evidence on this point is undocumented, uncertain and insufficient to support a finding that merchandise of that value was and is unaccounted for by the corporation. Both the debtor and his partner have unequivocally denied the diversion or loss of any merchandise. If this evidence were sufficiently definite to establish an unexplained loss of corporate merchandise, I hold that such evidence would not support the denial of discharge to this individual officer/stockholder of the corporation. Plaintiff has failed to carry its burden under § 727(a)(5).

Plaintiff, alternatively, seeks exception from discharge for its judgment claim in the amount of $18,575 against the debtor/husband on the ground that this is a debt:

"(4) for fraud or defalcation while acting in a fiduciary capacity."

I agree. In *John P. Maguire & Co. v. Herzog*, 421 F.2d 419, 420 (5th Cir.1970), the court affirmed exception from discharge under nearly identical facts:

"Does the direction and use of proceeds, derived from the sale of goods acquired under a floorplan arrangement prior to the bankruptcy of the corporation, by a corporate officer for payment of certain corporate creditors to whom he is secondarily liable constitute a debt created by 'misappropriation' within § 17(a)(4) of the Bankruptcy Act so as to prevent its discharge when the officer is personally adjudged a bankrupt? The District Court answered this question affirmatively. Not finding this decision to be clearly

erroneous, we affirm the judgment below."

The former Act, § 17a(4) excepted from discharge debts that:

"(4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity."

There is no indication in the legislative history of the present provision that there was any intent to narrow the scope of former § 17a(4). Although the term "misappropriation" is eliminated, the term "defalcation" is generally recognized as a broader term. *Collier on Bankruptcy* (15th ed.) ¶ 523.14[b] n. 3. Although the term "defalcation" commonly refers to the conduct of public officers, the term in not necessarily so restricted. I conclude that the *Herzog* case remains applicable today.

Unlike the *Herzog* case, there is no evidence here that the debtor was secondarily liable to any of the creditors paid with money diverted from the sale of merchandise financed by plaintiff. That factual difference does not require a different conclusion. In this instance, as in that case, the debtor's defalcation served his personal purpose. As an officer and a major stockholder of the corporation, he diverted the money in question in order to keep his business alive and thus serve his personal purpose.

In all other respects, this case appears indistinguishable from the *Herzog* case.

The debtor correctly notes that other courts have reached the opposite result upon essentially identical facts. *In re Miles,* 5 B.R. 458 (Bkrtcy.E.D.Va.1980); *Matter of Graham,* 7 B.R. 5 (Bkrtcy.D.Nev. 1980). However, I am bound by this decision of the Fifth Circuit which has been followed more recently in *Carey Lumber Co. v. Bell,* 615 F.2d 370, 375 (5th Cir.1980).

As is required by B.R. 9021(a), a separate judgment will be entered excepting from discharge under § 523(a)(4) plaintiff's judgment of June 13, 1983 in the amount of $18,575 against the debtor Martin S. Tocci and dismissing this complaint with prejudice as to the debtor Corrine A. Tocci. Costs may be taxed on motion.