In re Andy Duc NGUYEN and Tuyen T. Nguyen, Debtors.

Dennis J. JAFFE and Ilona T. Jaffe, his wife, d/b/a S & D Properties, Plaintiffs,

v.

Andy Duc NGUYEN and Tuyen T. Nguyen, Defendants.

Bankruptcy No. 88–1307–6P7.
Adv. No. 88–304.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

May 24, 1989.

David M. Landis, Orlando, Fla.

Barry R. Nager, Orlando, Fla.

## FINDINGS OF FACT, CONCLUSIONS OF LAW

### MEMORANDUM OPINION

ALEXANDER, L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case. The matter under consideration is the right to a general bankruptcy discharge of Andy Duc Nguyen and Tuyen T. Nguyen, his wife (Debtors). The Complaint challenging the discharge was filed by Dennis J. Jaffe and Ilona T. Jaffe, d/b/a S & D Properties (Plaintiffs). They contend that the Debtors should not receive the discharge because of their alleged failure to keep adequate books and records from which their financial condition or the business transactions might be ascertained.

The facts relevant and germane to the matter under consideration were established by documentary evidence submitted by counsel of which the Court took judicial notice. The oral testimony of the witness can be briefly summarized as follows:

The Debtor and his wife are natives of Vietnam and came to the United States in 1975. The Debtor is a graduate of a formal military college of South Vietnam and achieved the rank of a full colonel at the time he separated from the service. The Debtor upon his arrival in the United States obtained employment at the *Orlando Sentinel*, a local daily newspaper, in an unspecified capacity. There is nothing in this record to establish as to the activities of his wife during the period of his employment at the newspaper.

In the year 1984, the Debtor, and apparently his wife, purchased all of the outstanding shares in a corporation known as the New Tokoyo Restaurant, which at that time was operating as an Oriental restaurant on Mills Avenue. Sometime thereafter, the corporation also opened a second restaurant in Casselberry, Florida. The corporate records failed to reveal if the Debtor or his wife received any salary from the corporation or any dividend on the stock.

According to the Debtor, his income in the year 1985 was $20,000. He had no income in the year 1986 and in the year 1987 his income was $9,000. It appears that the Debtor purchased a home which was financed but had not made any payments on the mortgage since 1985 and, ultimately, the mortgagee foreclosed on the home and the Debtors lost the property.

It appears that the Debtor or his wife financed the purchase of an automobile, unidentified, but have since not made any payments and the car was repossessed. According to the Debtor, he has not maintained a bank account since 1985 and all payments were made by cash.

On September 30, 1987, the New Tokoyo Restaurant, Inc., filed a Petition for Relief under Chapter 11; the case was later converted to Chapter 7 on April 4, 1988. On June 2, 1988, the Debtor and his wife filed a Voluntary Petition for Relief under Chapter 7.

The Plaintiffs on August 17, 1988, filed a Motion and sought authority from the Court to conduct an examination of the Debtors. The Debtors were to produce for the examination all conceivable books and records which one might keep. The Motion was granted and on August 29, 1988, the Debtor, Andy Nguyen, appeared and was examined, but failed to produce any books and records described in the Motion filed by the Plaintiffs.

On October 31, 1988, the Plaintiffs renewed the Motion and sought an Order for authority for an additional 2004 examination of the Debtors. On November 1, 1988, the Order was entered. On November 17, 1988, the Debtor appeared and was examined by counsel for the Plaintiffs, but again failed to produce any books and records.

The Plaintiffs were not scheduled as creditors even though they had entered

into a lease of nonresidential real property with the corporation (Exhibit No. 1). Plaintiffs filed their Complaint objecting to the discharge.

The provisions dealing with Debtors' right to a discharge, being remedial, are traditionally construed liberally in favor of the debtor and strictly against the creditor who challenges the right of the discharge. *In re Adlman*, 541 F.2d 999 (2d Cir.1976); *Friendly Finance Discount Corp. v. Jones (In the Matter of Jones)*, 490 F.2d 452 (5th Cir.1974); *O'Brien v. Terkel, (In the Matter of Terkel)*, 7 B.R. 801, 3 C.B.C.2d 513 (Bkrtcy.S.D.Fla.1980).

From this, it follows that the burden of proving the objection is on the Plaintiffs (Bankruptcy Rule 4005), and it is a generally accepted proposition that the quality of the proof must be clear and convincing even though Rule 4005 is silent on this point. *In re Martin*, 761 F.2d 1163, 1165 (6th Cir.1985); *In re Lineberry*, 55 B.R. 510, 511 (Bkrtcy.W.D.Ky.1985); *In re Cohen*, 47 B.R. 871, 874 (Bkrtcy.S.D.Fla.1985).

■ There is no absolute obligation to keep business books and records. However, the burden is placed on the Debtor to justify the failure to keep books and records or adequate books and records in the event that the right to a discharge is challenged on this ground.

As stated by the Court in *In the Matter of Underhill*, 82 F.2d 258 (2d Cir.1936),

The law is not unqualified in imposing a requirement to keep books and records, and it does not require that if they are kept, they shall be kept in any special form of accounts. It is a question in each instance of reasonableness in the particular circumstances. Complete disclosure is in every case a condition precedent to the granting of the discharge, and if such a disclosure is not possible without the keeping of books or records, then the absence of such amounts to that failure to which the Act applies.

*Nix v. Sternberg*, 38 F.2d 611 (8th Cir. 1930), *cert. denied*, 282 U.S. 38 [51 S.Ct. 20, 75 L.Ed. 744] (1930); *Karger v. Sandler*, 62 F.2d 80 (2d Cir.1932); *In re Miller*, 5 F.Supp. 913 (D.C.Md.1934)....

It should be noted at the outset that nothing was presented concerning the Debtor's wife, and she was not called as a witness although she was directed to appear. Also, she was twice directed to appear for a 2004 examination, but did not appear nor did she appear at the trial. Therefore, the challenge to the discharge of the Debtor's wife cannot be sustained, and the claim as it relates to her should be dismissed.

■ This leaves for consideration the challenge to Andy Nguyen's right to a discharge. First, it should be noted what is and what is not involved in this adversary proceeding. It is not the lack of books and records of the corporation which is relevant, but the lack of books and records of the individual Debtors. When the claim asserted by the Plaintiffs is viewed in this light, it is clear that the Debtors' failure to have books and records is justified under the facts of this case. First, the Debtor's income, if any, appears to have its sole source from the operation of his restaurant business. That restaurant apparently was not generating sufficient income in the year 1986 to pay the Debtor a salary, and in 1987 the net taxable income of the Debtors, according to their 1040 Return, was less than $10,000. Notwithstanding that the Debtor was a businessman who operated a restaurant, this Court is satisfied that based on the Debtors' uncomplex financial affairs, it is conceivable that the Debtor did not maintain books and records.

Based on the foregoing, this Court is satisfied by the Debtor's explanation of his failure to keep books and records and, therefore, the Plaintiffs' claim objecting to the Debtors' discharge cannot be sustained.

A separate Final Judgment shall be entered in accordance with the foregoing.