In re Jack MORE and Janie
M. More, Debtors.

Frederick Arthur BARTHLOW, Plaintiff,

v.

Jack MORE and Janie M.
More, Defendants.

Bankruptcy No. 90–3569–BKC–3P7.
Adv. No. 90–324.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

March 19, 1992.

William T. Edwards, Jr., Middleburg, Fla., for plaintiff.

Lester Makofka, Jacksonville, Fla., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon the complaint filed by Frederick Arthur Barthlow seeking a denial of defendants' discharge pursuant to 11 U.S.C. § 727(a)(2), (3), and (5). A trial of this adversary proceeding was held December 17, 1991. After the closing of evidence, the Court granted the motion to dismiss as to defendant Janie M. More based on Federal Rule of Civil Procedure 41(b) and Federal Bankruptcy Rule of Procedure 7041. Accordingly, only Jack More remains as a defendant in this adversary proceeding. Upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

Defendant was a shareholder and corporate officer of a business known as 4 J's of Jack's, Inc. Plaintiff lent defendant money which was used to establish the business, procure inventory, and obtain equipment.

Defendant failed to repay the loan, causing plaintiff to file a lawsuit in state court. On December 5, 1989, plaintiff obtained a final judgment against the corporation and the debtors for $26,840.26.

Defendant testified that the corporation was dissolved in December of 1988, although corporate tax returns were required but not filed for the calendar years 1988 and 1989.

Plaintiff stated that over a year prior to the filing of the bankruptcy petition, defen-

dant had "several thousand dollars" worth of what had previously been business inventory in his possession, none of which was disclosed on the bankruptcy schedules. Defendant countered that he owned several hundred dollars worth of supplies from the corporation on the petition filing date and that he included such items under the household goods, supplies, and furnishings section of the B–2 schedule.

Defendant did not list the location of the corporate business books and records in his petition. In addition, he is unsure as to the present location of such books and records.

In addition to his business activities, defendant also owned pre-petition a 1975 Sabre eighteen foot boat. The boat was in extremely poor condition and only worth several hundred dollars.

Defendant sold the boat approximately six months before filing bankruptcy. He testified that the sale was an arms length transaction for several hundred dollars which represented its value. The proceeds of the sale were spent paying the daily living expenses of the debtor before the bankruptcy.

## CONCLUSIONS OF LAW

Plaintiff asserts that grounds for denying defendant a discharge exist under 11 U.S.C. §§ 727(a)(2)(A), (a)(3), and (a)(5). These sections provide:

(a) The court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition;

\*   \*   \*   \*   \*   \*

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents,

records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

\*   \*   \*   \*   \*   \*

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities.

### 1. Fraudulent Transfer or Concealment of Property

■ Denial of a discharge under § 727(a)(2)(A) requires an objecting party to show that

1) a transfer occurred;

2) that the property transferred was property of the debtor;

3) that the transfer was within one year of the petition; and

4) that at the time of the transfer, the debtor possessed the requisite intent to hinder, delay or defraud a creditor.

*In re Peeples*, 105 B.R. 90, 93 (Bankr. M.D.Fla.1989). The objector has the burden of proving that the four elements have been met, and the debtor should be denied the privilege of a discharge. *Id.; In re Cohen*, 47 B.R. 871, 874 (Bankr.S.D.Fla. 1985). *See* Federal Rule of Bankruptcy Procedure 4005.

■ In this case, debtor admitted that he had transferred his boat within one year of the petition. However, he claims that the sale, having been conducted at arm's length and for value, was not fraudulent or intended to hinder creditors.

■ Plaintiff has the burden of proving actual intent to hinder, delay, or defraud creditors, rather than mere constructive intent. *In re Reed*, 700 F.2d 986, 991 (5th Cir.1983); *In re Kindorf*, 105 B.R. 685, 689 (Bankr.M.D.Fla.1989). However, actual intent may be inferred from the totality of the circumstances. *Id.; Future Time, Inc. v. Yates*, 26 B.R. 1006 (Bankr.M.D.Ga.),

*aff'd without op.*, 712 F.2d 1417 (11th Cir. 1983).

■ In assessing circumstantial evidence of intent, courts have traditionally relied upon certain indicia or "badges of fraud." In connection with fraudulent transfers or concealment of assets, the indicia include:

(1) the lack or adequacy of consideration;

(2) the family, friendship or close associate relationship between the parties;

(3) the retention of possession, benefit or use of the property in question;

(4) the financial condition of the party sought to be charged both before and after the transaction in question;

(5) the existence or cumulative effect of a pattern or series of transactions or course of conduct after incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditor; and

(6) the general chronology of the events and transactions under inquiry.

*In re Chastant*, 873 F.2d 89, 91 (5th Cir. 1989).

In this case, no extrinsic evidence was presented that would indicate the existence of even one of the "badges" of fraud. Plaintiff has failed to carry his burden on the intent element and § 727(a)(2)(A) will not serve to deny defendant's discharge.

### 2. Failure to Keep Records

■ Plaintiff alleged that defendant failed to keep appropriate books and records from which his personal and business financial conditions and transactions might be ascertained. This alleged failure is based in part upon defendant's inability to produce or account for the books and records of the now defunct corporation, 4 J's of Jack, Inc., of which he was an officer and shareholder.

The effect of failure to maintain corporate records on an individual's discharge was considered in a case factually similarly to this one. *In re Tocci*, 34 B.R. 66 (Bankr. S.D.Fla.1983). In that case, the debtors owned and operated a corporate retail appliance store. As in this case, the plaintiff had provided the financing to procure business inventory. The corporation breached the financing agreement and used sale proceeds to pay other business expenses. The diversion of funds was not done fraudulently, but was an effort to keep the business open. *Id.* at 66.

The court held that "... an individual's discharge cannot be denied under this provision because corporate financial records are inadequate where, as is the case here, the corporation is a bona fide separate entity." *Id.* The objection to discharge had been based solely on debtor's failure to keep adequate corporate financial records; therefore, the objection was overruled and the discharge was granted.

The defendant in the case at bar could not produce or locate the financial records of 4 J's of Jack, Inc. Such failure should not deprive him of his fresh start, particularly where the corporation had been dissolved for nearly two years before the bankruptcy petition was filed.

■ With respect to the existence and adequacy of defendant's personal financial records, the Court finds that although no such records appear to exist, such deficiency should not deprive defendant of his discharge. The requirement to maintain financial information is intended to protect the interests of creditors by requiring debtors to take such steps as ordinary fair dealing and common caution would dictate to explain their financial condition. *In re Trogdon*, 111 B.R. 655, 658 (Bankr. N.D.Ohio 1990).

■ Failure to keep records is not an absolute bar to discharge, as long as the failure was warranted under the circumstances. *Rameson Brothers v. Goggin*, 241 F.2d 271 (9th Cir.1957). In fact a number of cases exist in which courts have held that no duty to keep books arises. *In re Rios*, 27 F.Supp. 744 (D.C.N.Y.1939) (Debtor was never in business for himself; but instead received a set salary. This in no way would necessitate his keeping books of account.); *In re Goldman*, 37 F.Supp. 761 (D.C.N.Y.1941) (clothing machine operator working for weekly wages not engaged in occupation in which bookkeeping is normal

practice); *Roberts v. W.P. Ford & Son, Inc.*, 169 F.2d 151 (4th Cir.1948) (salaried employees).

Defendant is a senior clerk at a local community college. As such he is not engaged in an occupation that would require the keeping of financial records. Accordingly, the discharge will not be denied on § 727(a)(3) grounds.

### 3. Failure to Explain Loss of Assets

Under Federal Rule of Bankruptcy Procedure 4005, plaintiff has the burden of "proving the objection." Thus, the plaintiff has the initial burden of going forward with the evidence and must introduce more than just a mere allegation that the debtor has failed to explain a loss of assets. *In re Goldstein*, 20 F.Supp. 403 (D.C.N.Y.1937).

In this case plaintiff merely testified that about one year before the bankruptcy was filed he observed "thousands" of dollars of inventory in defendant's possession. This amounts to nothing more than a basic allegation. The evidence on this point is undocumented, uncertain, and insufficient to support a finding that debtor has failed to account for inventory of value. Defendant testified that the remaining inventory, worth several hundred dollars, was in his possession and properly reflected on his schedules. Plaintiff failed to meet his burden under § 727(a)(5).

### CONCLUSION

Plaintiff has failed to carry his burden on the objections to discharge under § 727(a)(2)(A), (3), and (5). Consequently, the objections will be overruled and defendant, Jack More, will be granted his discharge.

A separate Final Judgment in favor of defendant will be entered.