In re Michael VETRI, Joanne Vetri, Debtors.

**MEADOWBROOK MALL COMPANY, Plaintiff,**

v.

**Michael VETRI and Joanne Vetri, Defendants.**

**Bankruptcy No. 91–15985–8P7.**
**Adv. No. 92–200.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 18, 1993.

---

Robert C. Hill, Fort Myers, FL, for plaintiff.

Daniel A. Medeiros, Sarasota, FL, for defendants.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 case and the matter under consideration is the Amended Complaint filed by Meadowbrook Mall Company (Meadowbrook). Meadowbrook's claim is set forth in its Amended Complaint, which contains one count based upon 11 U.S.C. 727(a)(3). Meadowbrook alleges that Michael and Joanne Vetri (Debtors) failed to keep or preserve books and records from which their business transactions could be ascertained, and therefore, they are not entitled to a discharge. The facts relevant to a resolution of the matter as established at the Final Evidentiary Hearing are as follows.

The Debtors filed their Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on December 12, 1991. Mr. Vetri, a high school graduate, had not taken any accounting or business courses since graduating high school. The Debtors' Statement of Financial Affairs indicates that Mr. Vetri was, at the times relevant, involved as a principal in nine different corporations. These corporations were formed by Mr. Vetri to own and operate restaurants operating under the fictitious name "Italian Delights" located in shopping malls throughout the United States. Mr. Vetri owned a stock interest in at least five of the corporations, although it is unclear from the record whether he held the controlling ownership interest in all of these corporations. Not all of the corporations actually ever opened and operated restaurants. Some were formed only in anticipation of acquiring a restaurant. All

but one of the corporations ceased all business activities by 1988, and the last corporation ceased operations in 1990.

It is without dispute from the record that Mr. Vetri served as President of each of the nine corporations and was in charge of business records for some of the operating corporations. No evidence in this record indicates that Mrs. Vetri was involved in these corporations either as an owner or as an officer.

Mr. Vetri is unable to identify the location of the business records of the corporations and claims that these records may either be at his parents' house in Pennsylvania, or in his parents' house in Sarasota, Florida, or the records may have been lost when his home was burglarized and vandalized in 1987. In any event, Mr. Vetri failed to produce any of the corporate records.

The Debtors did maintain and produce records of their banking transactions consisting mainly of bank statements and canceled checks from their various bank accounts. These bank statements showed significant deposits and, more importantly, significant withdrawals. The Debtors' deposits and withdrawals for the years following 1987 correspond with the income tax records maintained for those respective years are as follows:

1987 deposits: $251,660.00

1987 withdrawals: $165,259.00

These withdrawals are documented by withdrawal slips and from bank statements indicating the use of automatic teller machines. It is impossible to determine the source of the deposits and the use of the monies withdrawn.

The Debtors have not filed personal income tax returns since 1986 although Mr. Vetri produced W–2 and 1099 forms for both he and his wife for the periods including 1988 through 1990. However, the Debtors failed to provide any records relevant to their income for the year 1987, the period during which the bulk of the large deposits and withdrawals occurred. The Debtors' assert that some of their personal records were also lost when their home was burglarized and vandalized.

Based on these facts, the Plaintiff contends that the Debtors' discharge should be denied pursuant to 11 U.S.C. § 727(a)(3). This subsection of 727 provides as follows:

11 U.S.C. § 727 DISCHARGE

(a) The Court shall grant the debtor a discharge unless ...

(3) The debtor has concealed, destroyed, mutilated, falsified or failed to keep or preserve any recorded information, including books, documents, records and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case;

The party objecting to the Debtor's discharge has the burden of proving by a mere preponderance of the evidence that the debtor's discharge should be denied. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Once a party objecting to the discharge has met the initial burden of proving the objection by producing evidence establishing the basis for objection, the ultimate burden of persuasion is placed on the debtor. *In re Goblick*, 93 B.R. 771 (Bankr.M.D.Fla.1988); *In re Chalik*, 748 F.2d 616 (11th Cir.1984).

It should be noted at the outset what is and what is not involved in this adversary proceeding. The Debtors' right to receive a general discharge is not challenged pursuant to 11 U.S.C. § 727(a)(5), that is, Debtors' failure to explain satisfactorily his loss of assets, or deficiency of assets to meet their liabilities. Neither does this adversary proceeding involve a claim of transfer or concealment of assets. What is involved is nothing more or nothing less than the claim that the Debtors failed to keep appropriate books and records, from which their personal and business financial conditions and transactions might be ascertained in accordance with 11 U.S.C. § 727(a)(3).

The Plaintiff's claim is based in part upon the Debtors' inability to produce or account for the books and records of the now defunct "Italian Delights" corpora-

tions which Mr. Vetri formed and was an officer and a shareholder. However, in a § 727(a)(3) proceeding against an individual debtor, it is not the lack of books and records of a corporation that is relevant, rather it is the lack of books and records of the individual debtor. *In re More,* 138 B.R. 102 (Bankr.M.D.Fla.1992); *In re Nguyen,* 100 B.R. 581 (Bankr.M.D.Fla.1989); *Matter of Hyers,* 70 B.R. 764 (Bankr.M.D.Fla. 1987). The requirement of the Code to keep and maintain personal financial records is not absolute, however the failure to keep books and records must be justified and reasonable under the circumstances. *In re More, supra; In re Nguyen, supra; In the Matter of Underhill,* 82 F.2d 258 (2d Cir.1936).

The only personal records the Debtors produced in this case consisted of bank statements, canceled checks, and federal income tax forms W–2 and 1099 for years 1988 through 1990. The Debtors did not produce income tax returns because the debtor has not filed an income tax return since 1986.

The record in this case indicates that in 1987 deposits and withdrawals were made in the amount of $251,660.00 and $165,-259.00 respectively, yet neither income records were produced to show the sources of the deposits, nor receipts produced to show the disposition of the withdrawals. Although the Debtors have explained that some of their financial records may have been lost when their home was burglarized and vandalized, income records produced for the following years, 1988 through 1990, showed total cumulative net income to be only $53,740.00. There is no evidence in the record to suggest that the Debtors' income was unusually large in 1987 or unusually small in the years 1988 through 1990.

Viewing the facts as established in this case, this Court is satisfied that the Debtors' failed to keep adequate books and records from which their financial condition can be ascertained, and their failure to do so is not justified under the circumstances.

Based on the foregoing, this Court is satisfied that the Plaintiff has established

with the requisite degree of proof all of the operating elements of § 723(a)(3), and therefore the Debtors' should be denied their bankruptcy discharge. A separate Final Judgement will be entered in accordance with the foregoing.