In re David L. FERRATO, Jr. and Holly M. Ferrato, Debtors.

Ronald VINCIULLA, Plaintiff,

v.

David L. FERRATO, Jr. and Holly M. Ferrato, Defendants.

In re David L. FERRATO and Donna L. Ferrato, Debtors,

Ronald VINCIULLA, Plaintiff,

v.

David L. FERRATO and Donna L. Ferrato, Defendants.

Bankruptcy Nos. 91–2239–BKC–3P7 and 91–2240–BKC–3P7.

Adv. Nos. 91–1289 and 91–1290.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

June 29, 1993.

Anne Payne, Jacksonville, FL, for plaintiff.

Albert H. Mickler, Jacksonville, FL, for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

These proceedings are before the Court on complaints objecting to discharge filed pursuant to § 727(a)(2) and (4). The Court held a trial on November 18, 1992, and on March 9, 1993. At the conclusion of plaintiff's case, the Court dismissed defendant, Holly Ferrato, as a party defendant and the trial proceeded as to the other defendants.

Upon the evidence presented, the following findings of fact and conclusions of law are entered:

## Findings of Fact

Defendants bought a lawn mower service and repair business from plaintiff in November 1987. According to the sales contract, the purchase price for the business was $140,000.00 plus value of inventory not to exceed $75,000.00. The terms required $70,000.00 in cash and the remainder to be evidenced by a promissory note for $90,000.00. The defendants each signed this agreement individually.

The promissory note was signed on February 1, 1988. To secure the note, plaintiff took a security interest in the office equipment, the tools and the work equipment of the business. Plaintiff did not receive a security interest in the inventory of the business.

In March 1988, defendants, David Ferrato, Sr., and David Ferrato, Jr., entered into a partnership agreement. The contribution of each defendant to the partnership was the $140,000.00 purchase price plus $23,848.20 for inventory. The partnership then commenced business as Lyons Mower and Saw Center in Deland, Florida.

In an unrelated transaction in February 1989, defendants purchased a similar business in Deltona, Florida. Defendants ran the Deltona business through a corporation, Ferrato Enterprises, Inc. The Deltona store utilized. Lyons Mower and Saw Center as its trade name. Defendant, David Ferrato, Sr., was the president of Ferrato Enterprises, Inc. Defendant, Donna Ferrato, did the day-to-day bookkeeping for the corporation. Defendant, David Ferrato, Jr., was a full-time employee drawing a regular salary.

Defendants owned the real estate on which the Deltona store was located. Defendants valued the property at $130,000.00 in Schedule B of their petitions. The corporation paid rent to the defendants for the use of the property.

Defendants funded the partnership and the corporation with personal funds even though the businesses consistently lost money. Defendants deposited $54,000.00 into the Deland partnership and $45,000.00 into the corporation. Defendants testified that these transactions were loans to the businesses to be repaid when the businesses had sufficient funds. Defendants did not evidence these transactions with promissory notes or list the loans in their schedules as accounts receivables. Defendants were not able to explain why these cash infusions were loans rather than equity investments in their businesses.

Defendants subsequently defaulted on the $90,000.00 note. Plaintiff secured a state court judgment in January 1991, allowing him to repossess the collateral. Plaintiff repossessed the office equipment, tools, and work equipment but not the inventory.

Prior to the litigation, defendants transferred inventory between their two businesses utilizing account number 9 for transfers to the Deltona store from the Deland store and account number 14 for transfers from the Deltona store to the Deland store. After plaintiff foreclosed, defendants transferred some of the remaining Deland inventory to their Deltona corporation. Defendant, Donna Ferrato, testified that the corporation owed the Deland partnership, as a result of these transactions, $5,000.00 to $6,000.00 at the time the Deland store closed. She also testified that this amount was still owed at the time defendants filed the bankruptcy cases.

Soon after plaintiff foreclosed on the Deland store and had begun a proceeding in state court for a deficiency judgment, defendant, David Ferrato, Sr., sold his 500 shares of stock in Ferrato Enterprises, Inc., to his father-in-law, John Truskaskas, for $500.00. Ferrato, Sr., was the sole shareholder of Ferrato Enterprises, Inc. The sale of stock to defendant's father-in-law was not recorded. At the same time, Ferrato Enterprises, Inc., issued 500 new shares of stock to defendant's father-in-law for an additional $500.00. The funds received from these sales were deposited in the bank account for Ferrato Enterprises, Inc.

Subsequent to purchasing the stock, Truskaskas loaned the corporation $10,-000.00.

According to defendants' records both at the time defendants received the loan from Truskaskas and at the time of the stock transaction, Ferrato Enterprises, Inc., was insolvent.

On May 2, 1991, while plaintiff's deficiency suit was pending in state court, defendants filed for chapter 7 protection.

### Conclusions of Law

■ Plaintiff argues that defendants should be denied their discharges pursuant to § 727(a)(2) for transferring inventory from the Deland store to the Deltona corporation and for transferring the stock of the Deltona corporation to Truskaskas within one year of filing for bankruptcy protection. Section 727(a)(2) states in pertinent part as follows:

(a) The court shall grant the debtor a discharge, unless—

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition;

This Court has previously held that in order to deny defendant's discharge for making a fraudulent transfer an objecting party must show:

1) [that] a transfer occurred
2) that the property transferred was property of the debtor
3) that the transfer was within one year of the petition, and
4) that at the time of the transfer, the debtor possessed the requisite intent to hinder delay or defraud a creditor.

*In re More*, 138 B.R. 102 (Bankr.M.D.Fla. 1992).

Defendants acknowledge that the transfers of inventory and stock occurred within one year of their filing for bankruptcy protection. Defendants argue that the proper-ty transferred had little or no value and that this nullifies any inference that defendants possessed the requisite fraudulent intent.

■ The intent to hinder, delay or defraud must be actual intent and not constructive intent. *Id.* Actual intent may be discovered from all the circumstances of a case and in the context of a fraudulent transfer, the Court has relied on certain "badges of fraud" as indicators of such intent. These indicators include:

(1) the lack or adequacy of consideration;

(2) the family, friendship or close association between the parties;

(3) the retention of possession, benefit or use of the property in question;

(4) the financial condition of the party sought to be charged both before and after the transaction in question;

(5) the existence or cumulative effect of a pattern or series of transactions or course of conduct after incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditor; and

(6) the general chronology of the events and transactions under inquiry.

*Id.* at 105.

The Court does not agree with defendants' contention that the stock sold to John Truskaskas was without value. When Ferrato, Sr., sold the stock, the Deltona store had at least $5,000.00 worth of inventory from the Deland store in its inventory. In addition, defendants had listed the Deltona business and real estate for sale for $199,999.00. Deducting the value of the real estate, defendants were marketing the business for $69,999.00 while selling its stock for $1000.00. The $1,000.00 received from John Truskaskas for defendant's 500 shares of stock and the 500 newly issued shares was deposited into the Ferrato Enterprises, Inc., account even though defendant, Ferrato, Sr., owned 500 of the 1000 shares sold. Defendants were unable to provide an explanation for the sales price of the stock or the deposit of the funds into the corporation. The Court finds that the consideration received for the stock was inadequate.

The remaining five factors indicating fraudulent intent are present in the stock sale from defendant, Ferrato, Sr., to his father-in-law. Plaintiff has established all the elements necessary to establish that defendant, Ferrato, Sr., made a fraudulent transfer of stock within one year of filing for bankruptcy protection.

■ The six "badges of fraud" are also present in the inventory transfers from the Deland store to the Deltona corporation.

Even though plaintiff has shown defendants' fraudulent intent in transferring the inventory, he has failed to prove that the inventory transferred was property of the debtors as required to deny defendants' discharge for making a fraudulent transfer. Because defendants, Ferrato, Sr., and Ferrato, Jr., formed a partnership to run the Deland store, their interest in the inventory transferred cannot be said to be property of the debtors. Consequently, the inventory transfer is not sufficient to deny discharges to defendants, Ferrato, Sr., and Ferrato, Jr.

■ However, Donna Ferrato still possessed an interest in the Deland inventory because she was a party to the purchase and sale agreement for the Deland business, but she was not a party to the partnership agreement. There was no evidence of a transfer of her interest in inventory into the partnership thus, her portion of the inventory transferred from the Deland store to the corporation was property of the debtor.

Plaintiff has established all the elements required to show that Donna Ferrato participated in a fraudulent transfer within one year of filing for bankruptcy protection.

### 727(a)(4)

■ Plaintiff argues that defendants should be denied a discharge pursuant to § 727(a)(4) for failing to disclose their interest in the partnership and for failing to disclose the inventory transfer. Section 727(a)(4) states in pertinent part as follows:
(a) The court shall grant the debtor a discharge, unless—

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account.

■ To deny a debtor a discharge pursuant to § 727(a)(4), plaintiff must show that defendant made a false oath that was fraudulent and material. *Swicegood v. Ginn*, 924 F.2d 230 (11th Cir.1991). The Court has determined that defendants possessed fraudulent intent in transferring the stock and the inventory. Thus plaintiff only needs to show that defendants omissions in their financial statements and schedules were material.

Defendants argue that the effect of the transfers on their creditors was of little consequence because the property was reachable through either the partnership or the corporation. Additionally, throughout the trial, defendants professed a failure to understand accounting procedures, business transactions and the distinction between individual ownership, partnership and corporate ownership. However, when questioned about their failure to report the inventory transfer, defendants responded that they did not need to disclose this information since they did not own the corporation at the time they filed for chapter 7 protection.

Even though defendants, Ferrato, Sr., and Ferrato, Jr., did not transfer property of the debtor, neither disclosed his interest in the Deland partnership in the schedules of personal property.

It is apparent that defendants intentionally failed to disclose their interest in the Deland partnership and the transfer of Donna Ferrato's interest in the inventory. It is also clear that defendants' argument that the assets were valueless and the failure to disclose them did not harm creditors is without merit. *In re Chalik*, 748 F.2d 616 (11th Cir.1984). In *Chalik* the Eleventh Circuit held that a false statement concerning worthless assets is material and precludes discharge.

Defendant, Donna Ferrato's, failure to disclose the inventory transfer and the failure of Ferrato, Sr., and Ferrato, Jr., to list

their partnership interests constitute a false oath sufficient to deny their discharges. Additionally, the circumstances surrounding the transfers and defendants' business arrangements indicate their intention to shield partnership assets from creditors.

Accordingly, all defendants except Holly M. Ferrato will be denied a discharge. A separate judgment consistent with these findings of facts and conclusions of law will be entered.