Michael **VETRI** and Joanne Vetri, Appellants,

v.

**MEADOWBROOK MALL COMPANY, Appellee.**

No. 94–34–CIV–T–17. Bankruptcy No. 91–15985–8P7.

United States District Court, M.D. Florida, Tampa Division.

Nov. 3, 1994.

Daniel Alan Medeiros, Sarasota, FL, for appellants.

Robert C. Hill, Jr., Law Office of Robert C. Hill, Jr., Ft. Myers, FL, for appellee.

### *ORDER*

KOVACHEVICH, District Judge.

This appeal arises from a bankruptcy dispute in which Bankruptcy Judge Paskay denied Appellants (debtors), Michael and Joanne Vetri, a discharge from paying Appellee (creditor), Meadowbrook Mall Company, under Chapter 7 of the Bankruptcy Code. 155 B.R. 782. Judge Paskay found that the appellants failed to keep or preserve books

and records from which their business transactions could be ascertained, and, therefore, denied the debtor's discharge pursuant to 11 U.S.C. 727(a)(3).

## FACTS

Mr. Michael Vetri, a high school graduate, had not taken any accounting or business courses since graduating high school. Mr. Vetri served as president and principal in nine (9) different corporations. There is no evidence in the record that Mrs. Joanne Vetri was involved in any of these nine corporations. Mr. Vetri formed these corporations in an effort to own and operate restaurants in shopping malls across the country. His duties as president included keeping the financial records and books for some of the operating corporations. However, not all the corporations ever opened or operated restaurants. All but one of the corporations ceased business activities in 1988, and the last corporation ceased operations in 1990. Appellants filed their Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code on December 12, 1991.

At trial, Appellants were unable to identify the location of the business records of the nine corporations. They argued that sufficient financial documents were submitted to support their request for discharge. Appellants explained that any lost financial documentation may have been stolen when their house was burglarized in 1988 or may be at Mr. Vetri's parents' home in Pennsylvania. In any event, Appellants failed to produce any of the corporate records at trial.

Appellants did maintain and produce records of their banking transactions, consisting mainly of bank statements and canceled checks from various bank accounts. These bank statements showed significant deposits and withdrawals. The withdrawals were documented by withdrawal slips and bank statements distributed by automatic teller machines. However, it was impossible at trial for the court to determine the source of the deposits and the use of the monies withdrawn.

A review of Appellants' tax records for the dates relevant to the bankruptcy proceeding indicated that Appellants had not filed personal income tax forms since 1986. Appellants produced W-2 and 1099 forms for 1988 through 1990. However, Appellants failed to provide any records relevant to their income for 1987, the year during which the bulk of the large deposits and withdrawals occurred. Appellants claimed that these missing records were lost or stolen when their house was burglarized.

Appellee argued that appellants kept insufficient documentation for the court to make a complete and accurate determination of appellants past and present financial condition pursuant to 11 U.S.C. 727(a)(3). Further, Appellee argued that there was no evidence linking lost financial documentation with the 1988 burglary.

Based on the prior facts established at trial, the trial court rendered a Final Judgment dated December 8, 1993. Judge Paskay was satisfied that Appellee had established the requisite degree of proving the operating elements of 727(a)(3), and therefore, denied Appellants' bankruptcy discharge.

Appellants filed this appeal contending that Judge Paskay erred in denying them a discharge from paying Appellee. Appellants contend they kept sufficient records for the court to utilize in determining their financial condition. They rely heavily on *In re Rowe*, 81 B.R. 653 (Bkrtcy.M.D.Fla.1987), to substantiate their contention. Further, they explain that any missing or lost financial records or books were stolen when their house was burglarized in 1988 or are at Mr. Vetri's parent's home in Pennsylvania.

Appellee asserts that Appellants clearly failed to keep sufficient records and books for the court to accurately determine Appellants' financial condition. Appellee asserts that Judge Paskay correctly denied Appellants' discharge pursuant to a correct interpretation of 11 U.S.C. 727(a)(3).

## STANDARD OF APPELLATE REVIEW

■ The applicable standard of appellate review is that the burden is squarely on the appellant to show the appellate court that a finding is clearly erroneous, *Griffin v. Missouri Pacific Railway Co.*, 413 F.2d 9 (5th

Cir.1969), Bankruptcy Rule 8013. Further, reversal of a finding is proper only when the reviewing court is left with the definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *Inter–Cities Navigation Corp. v. United States*, 608 F.2d 1079, 1082 (5th Cir.1979); *Matter of Multiponics, Inc.*, 622 F.2d 709, 713 (5th Cir.1980). Appellant is entitled to an independent *de novo* review of all conclusions of law and the legal significance accorded to the facts. However, due regard is given to the trial court to "judge the credibility of the witnesses."

## DISCUSSION

■ The party objecting to the debtor's discharge has the burden of proving by a preponderance of the evidence that the debtor's discharge should be denied. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *In re Urban*, 130 B.R. 340 (Bkrtcy.M.D.Fla.1991). Once the objecting party has established its initial burden of showing reasonable grounds to believe the books or records of the debtor are inadequate, the burden shifts to the debtor to establish that either accurate books and records were maintained to determine the debtor's financial condition or that the failure to keep adequate books and records was justified under the circumstances. *In re Chalik*, 748 F.2d 616 (11th Cir.1984); *In re Goblick*, 93 B.R. 771 (Bkrtcy.M.D.Fla.1988).

■ The controlling statute initially raised by Appellee and utilized by the trial judge in this case to determine the status of Appellants' discharge was 11 U.S.C. 727(a)(3). This subsection of 727 provides as follows:

11 U.S.C. 727 DISCHARGE

(a) The Court shall grant the debtor a discharge unless . . .

(3) The debtor has concealed, destroyed, mutilated, falsified or failed to keep or preserve any recorded information, including books, documents, records and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case;

Based on the evidence in the record and the application of the plain meaning of 11 U.S.C. 727(a)(3), the trial court made a factual determination that Appellants failed to adequately keep records and books from which their financial condition could be ascertained, and their failure to do so was not justified under the circumstances.

■ Appellants contend that in *In re Rowe*, 81 B.R. 653 (Bkrtcy.M.D.Fla.1987), the trial court, in a factually similar case, held that a debtor "was not under any duty to keep any more detailed records than that of any other individual taxpayer." *Id.* at 657. However, in the present case, the record lacks evidence that establishes a similar consistency of facts and circumstances that assisted the *Rowe* court in reaching an accurate accounting of the debtor's financial condition in that case. A determination of what constitutes "accurate" records and books encompasses the reasonableness and particular circumstances that accompany the facts of each individual case. *In re Nguyen*, 100 B.R. 581, 583 (Bkrtcy.M.D.Fla.1989); *In the Matter of Underhill*, 82 F.2d 258 (2d Cir. 1936). In the present case, the trial court concluded that Appellants failed to provide a satisfactory amount of information to assist the court in establishing their accurate financial condition.

■ There is absolutely no question that Appellants failed to provide records and books from which their financial condition could be ascertained. This was a factual determination made by the trial court and Appellants have not convinced this Court that the trial court was "clearly erroneous" in its determination. Even if this Court was to look beyond the "clearly erroneous" standard, the scattered collection of bank statements and unspecified canceled checks fail to provide this Court with any information to determine an accurate financial condition. Appellants' failed to show a relevant correlation between these random financial statements and the necessary financial records and books that would clarify Appellants' financial condition. Based on Appellants inability to provide sufficient records and books, this Court is satisfied that Appellants' dis-

charge must be denied under 11 U.S.C. 727(a)(3).

Appellants' attempt to justify missing or lost financial records by explaining that they were lost or stolen as a result of a 1988 home burglary. However, there is no evidence in the record that specifically provided that these records were stolen or destroyed. Indeed, Appellants concede the records might still exist but they apparently did not try to verify the truth of that matter. Further, there was a noticeable absence of records and books for the dates subsequent to the burglary. The trial court correctly determined that Appellants failed to justify the lack of financial records and books as necessary pursuant to 11 U.S.C. 727(a)(3).

### CONCLUSION

This court has carefully reviewed the memorandum order of Judge Paskay, as well as the briefs of both parties. Under the standards quoted above, the Court finds that the findings of fact contained in the order are not clearly erroneous. The Court also finds that the conclusions of law contained in Judge Paskay's order are sound. Accordingly, it is

**ORDERED** that the order denying Appellants' discharge be **affirmed** and the Clerk of the Court be **directed** to enter judgment for the Appellee.

DONE AND ORDERED.