In re John Thomas MILAM, Sr. and Bonnie Hamilton Milam, Debtors.

Harold M. MAHON and Sharon E. Mahon, Plaintiffs,

v.

John Thomas MILAM, Sr. and Bonnie Hamilton Milam, Defendants.

Bankruptcy No. 92–3786–BKC–3P7. Adv. No. 92–19351.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Aug. 15, 1994.

Aaron Cohen, Jacksonville, FL, for debtors.

David Douglas, Atlantic Beach, FL, for plaintiffs.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding came before the Court upon complaint filed by Harold M. and Sharon E. Mahon seeking denial of discharges of defendants pursuant to 11 U.S.C. § 727(a)(2), (a)(3) and (a)(4). A trial of this adversary proceeding was held on June 1, 1994, and upon the evidence presented the Court enters these findings of fact and conclusions of law:

### Findings of Fact

Defendants purchased the assets of a video rental business from plaintiffs on June 30, 1988, for the sum of $350,000.00. Defendants paid a portion of the purchase price in cash and gave plaintiffs two promissory notes, one in the amount of $227,500.00 for the purchase of the business assets and the second in the amount of $47,500.00 for a non-compete agreement from the plaintiffs. The notes were secured by all of the assets of the business.

In August, 1991, defendants closed the business and returned the keys to the remaining store to plaintiffs. Defendants advised that plaintiffs should dispose of the business assets as they deemed appropriate. Defendants defaulted on the obligation to plaintiffs in September, 1991. Plaintiffs sold the assets of the business in bulk for $34,717.95.

Defendants conveyed three non-residential real estate lots which had been acquired in 1982 to defendant, John Milam, Sr.'s father, John Milam ("Milam") on April 2, 1991. The deed conveying the lots to Milam was recorded on April 10, 1991. The deed recites consideration of $10.00 and has a state documentary tax stamp in the amount of 55 cents on its face.

Milam wrote an undated letter to defendants that states he wire transferred $40,000.00 to defendants' bank that morning. The wire transfer order is dated October 31, 1991. The letter states that $36,000.00 of the $40,000.00 is payment for the lots and the remaining $4,000.00 is for a 2-carat diamond ring originally purchased by defendants for $7,000.00. Milam also states in the letter that he has given the ring to his wife and that the timing of the payment for the property is appropriate because he has a certificate of deposit and a bond which recently matured.

In a financial statement filled out in March, 1988, defendants valued the real estate at $55,000.00. The real estate was not appraised prior to the sale to Milam, but a 1991 tax assessment placed the value at $40,000.00. Milam also testified that he has real estate brokerage experience and determined that $36,000.00 was a fair price for the property.

Defendants did not have the ring appraised prior to the sale.

Defendants purchased a home on November 6, 1991, using the $40,000.00 received from Milam as a partial down payment.

Defendants filed their chapter 7 petition on July 1, 1992. Neither the transfer of the ring nor the real estate was disclosed in defendants' statement of affairs.

### Conclusions of Law

Plaintiffs assert grounds for denying defendants' discharge exist under 11 U.S.C. §§ 727(a)(2), (a)(3), and (a)(4). Specifically, plaintiffs allege that defendants have diverted funds from the business for personal use and that the transfer of the real estate and ring was for inadequate consideration.

### § 727(a)(2)

Section 727(a)(2) states in relevant part:

(a) The court shall grant the debtor a discharge, unless

(2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be, transferred, removed, destroyed, mutilated, or concealed

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

▊ Denial of a discharge pursuant to § 727(a)(2) requires the objecting party show:

1. That a transfer occurred;

2. That the property transferred was property of the debtor;

3. That the transfer was within one year of petition; and,

4. That at the time of the transfer, the debtor possessed the requisite intent to hinder, delay or defraud a creditor.

*In re More,* 138 B.R. 102 (Bankr.M.D.Fla. 1992). The party objecting to discharge has the burden of establishing each of these elements. *Id.;* Federal Rule of Bankruptcy Procedure 4005.

It is not disputed that the real estate and the ring were transferred to Milam or that the items were property of defendants. Defendants also acknowledge that the transfer of the ring took place within one year of their filing chapter 7. The timing of the real estate transfer and defendants' intent in transferring the ring are, however, in dispute.

▊ The deed conveying the real estate to Milam was executed on April 2, 1991. Under Florida law, delivery of a deed transfers title to real property. *Jeffords v. Jeffords,* 148 So.2d 43 (1st D.C.A.Fla.1962); *Dolores Land Corp. v. Hillsborough County,* 68 So.2d 393 (Fla.1953). Defendants filed their chapter 7 petition on July 1, 1992, fifteen months after the transfer to Milam. Consequently, plaintiffs cannot sustain their bur-

den pursuant to § 727(a)(2) regarding the transfer of the real estate.

▊ The intent to hinder, delay or defraud a creditor must be actual not constructive intent. *Id.* Direct evidence of intent is rarely available thus intent may be discovered from the totality of the circumstances. *Future Time Inc. v. Yates,* 26 B.R. 1006 (Bankr.N.D.Ga.1983) *aff'd* 712 F.2d 1417 (11th Cir.1983). The Court has previously used certain "badges of fraud" as indicators of intent. These include:

1. The lack or adequacy of consideration;

2. the family, friendship or close association between the parties;

3. the retention of possession, benefit or use of the property in question;

4. the financial condition of the party sought to be charged both before and after the transaction in question;

5. the existence or cumulative effect of a pattern or series of transactions or course of conduct after incurring of debt on set of financial difficulties, or pendency or threat of suits by creditor; and

6. the general chronology of the events and transactions under inquiry.

▊ Applying these factors in this case, the Court holds that defendants did not possess the intent to hinder, delay or defraud creditors in transferring the ring. Two factors indicating intent to hinder, delay, or defraud are present in this case: the familial relationship between the transferor and transferee and the effect of the transaction on defendants' financial condition. Defendants transferred the ring and used the proceeds from that transfer as a partial down payment on their residence. Because the ring, as property of the estate would have been subject to liquidation to pay creditors but was used as a partial down payment on an exempt asset which may be shielded from creditors' claims, this transaction improved defendants' financial condition. The presence of these two factors is not sufficient to establish that defendants possessed the intent to hinder, delay or defraud creditors and plaintiffs have failed to sustain their burden pursuant to § 727(a)(2).

Plaintiffs rely upon this Court's decision *In re Collins,* 19 B.R. 874 (Bankr.M.D.Fla.1982). In *Collins* this Court denied a discharge based upon debtor's conversion of business assets to pay the mortgage on his home less than two months prior to filing bankruptcy and after consulting with an attorney. In this case, the assets were transferred nine and fifteen months prior to bankruptcy. Defendants and Milam testified that the negotiations for the sale of the property occurred in March, 1991, sixteen months prior to bankruptcy and, unlike the debtor in *Collins,* the Court found defendants to be credible and does not believe defendants possessed the intent to hinder, delay or defraud creditors in transferring the real estate and ring.[1] Consequently, plaintiffs have failed to carry their burden with respect to § 727(a)(2).

### § 727(a)(3)

Section 727(a)(3) states in relevant part:
(a) The court shall grant the debtor a discharge, unless

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

The Court has previously held that "although a full accounting of every business transaction is not required there should be some written records, orderly made and preserved, from which the present and past financial condition of the debtor may be ascertained with substantial completeness and accuracy." *In re Sowell,* 92 B.R. 944 (Bankr. M.D.Fla.1988) quoting *In re Goff,* 495 F.2d 199 (5th Cir.1974). The standard applied to an individual debtor who is not engaged in business may be less stringent than the standard imposed upon a debtor who maintains a business, however, each case must be determined on its own facts. *In re More,* 138 B.R. 102, 105 (noting that some courts have found no duty for an individual debtor to keep

records). The initial burden is on the objecting party to show reasonable grounds to believe that the books or records are inadequate. *In re Goff,* 495 F.2d 199.

Plaintiffs allege that the records produced by defendants are inadequate to allow assessment of defendants' financial condition and that defendants made deposits into their personal bank account which were not accounted for in their records. Defendants produced copies of monthly balance sheets, tax returns, canceled checks and bank statements for defendants' personal and business accounts. The bank records produced for defendants individually and for the business do not support plaintiffs' contentions.

The Court finds that these records provide sufficient information for creditors to assess the financial condition of defendants and their business. Plaintiffs have not shown a reasonable basis for finding that defendants' records are inadequate, consequently, § 727(a)(3) does not provide a basis to sustain plaintiffs' objection to discharge.

### § 727(a)(4)

Section 727(a)(4) states in relevant part:
(a) The court shall grant the debtor a discharge, unless

(4) the debtor knowingly and fraudulently, in or in connection with the case

(A) made a false oath or account;

The Eleventh Circuit has held that a discharge should be denied where the omission from the schedules or statement of financial affairs is both fraudulent and material. *Swicegood v. Ginn,* 924 F.2d 230 (11th Cir.1991). An omission is material if it "bears a relationship to the bankrupt's business transactions or estate or concerns the discovery of assets, business dealings or the existence and disposition of his property." *In re Chalik,* 748 F.2d 616 (11th Cir.1984). The value of the assets omitted is not the focus of the inquiry, rather the veracity of the debtor's statements is paramount. *Id.*

---

**1.** This case is also distinguishable from this Court's decision in *In re Mackey,* 158 B.R. 509 (Bankr.M.D.Fla.1993) because of the timing of the transaction and the intent of the debtor.

■ Defendants acknowledge their failure to disclose the transfer of the ring in their schedule of financial affairs. Thus the only issue is whether the omission was deliberate, that is, whether it was done with the intent to hinder, delay or defraud creditors. Defendants testified that they viewed the transfer of the real estate and the ring as a single transaction, and because the transfer of the lots occurred more than a year prior to filing their petition, they believed that the sale of the ring also occurred more than a year before filing and was not required to be disclosed in the statement of financial affairs.

The Court holds that defendants' failure to list the transfer of the ring was not done with the intent to hinder, delay or defraud creditors. The Court found defendants to be credible and their explanation, that the two transfers were negotiated together and considered by defendants as a single transaction, logical. Accordingly, defendants lacked the intent required to deny a discharge pursuant to § 727(a)(4).

*Conclusion*

The transfer of the real estate occurred more than a year prior to defendants' bankruptcy and is not the proper subject of a complaint pursuant to § 727(a)(2). Plaintiffs failed to establish that defendants possessed the intent to hinder, delay or defraud creditors in transferring the ring. The Court finds that defendants keep adequate books and records and that the omission from defendants' statement of affairs was not deliberate. Thus plaintiffs have not established a basis for denying defendants' discharge under §§ 727(a)(2), (a)(3) or (a)(4).

The Court will enter a separate judgment consistent with these findings of fact and conclusions of law.