**In re Randall Fred NIPPER, Diana Lou Nipper, Debtors.**

**Avery PHILLIPS d/b/a Statewide Ignition Wire, Plaintiff,**

v.

**Randall Fred NIPPER, Defendant.**

**Bankruptcy No. 94–1803–BKC–3P7. Adv. No. 94–245.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Sept. 18, 1995.

Sharon T. Sperling, Gainesville, FL, for plaintiff.

Anne Payne, Jacksonville, FL, for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon Avery Phillips D/B/A Statewide Ignition Wire's ("Plaintiff's") complaint objecting to defendant's discharge pursuant to 11 U.S.C. § 727(a)(2), (a)(3), and (a)(4). Plaintiff alleges that defendant concealed property from the estate, failed to keep or preserve recorded information from which the Trustee or creditors could ascertain his financial condition or business transactions, and knowingly made false oaths or accounts by neglecting to answer specific questions on his statement of financial affairs.

Upon the evidence presented at trial on April 20, 1995, the Court enters the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. Randall Fred Nipper ("Defendant") and his wife Diana Lou Nipper, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 29, 1994. Defendant, without an attorney, prepared the schedules, statement of financial affairs and other papers filed with the petition.

2. Diana Lou Nipper was granted discharge on April 21, 1995 and is not a party defendant.

3. At the time of filing, defendants omitted the following from their petition and accompanying schedules:

(a) Defendant was the sole officer and shareholder of Clean Finish, Incorporated ("CFI") (Defendant's Exh. 2);

(b) CFI was administratively dissolved on August 13, 1993;

(c) Defendant, on behalf of CFI, received a $25,000 money judgment against Ralph H. Casteel, Jr. in the Circuit Court in the Fifth Judicial Circuit, Marion County, Florida;

(d) Defendant, on behalf of CFI, assigned the Casteel judgment to Little & Company ("Little") of Lakeland, Florida, a creditor of CFI;

(e) Defendant had in his possession a Computer and a Facsimile machine that aided CFI in its business transactions.

4. Defendant did not amend his schedules or statement of financial affairs to disclose the omitted information and signed declarations under penalty of perjury that the schedules and statement of financial affairs filed were true and accurate.

5. On October 29, 1992, the Circuit Court of the Seventh Judicial Circuit for Volusia County, Florida entered judgment in favor of plaintiff, jointly and severally, against defendant and CFI.

6. On September 23, 1994, plaintiff, without an attorney, filed a complaint objecting to discharge pursuant to 11 U.S.C. § 727(a)(3).

7. On November 23, 1994, at the pre-trial hearing, the court set a trial date for February 23, 1995. Prior to the trial date, plaintiff obtained the services of an attorney. On the day of trial plaintiff moved for continuance and the Court rescheduled the trial for April 20, 1995. The Court also granted plaintiff's *ore tenus* motion to amend the complaint.

8. On March 13, 1995, plaintiff filed an amended complaint objecting to defendant Randall Fred Nipper's discharge pursuant to 11 U.S.C. § 727(a)(2), (a)(3) and (a)(4).

9. Plaintiff alleges that defendant concealed property of the estate by failing to disclose the omitted matters on his schedules pursuant to 11 U.S.C. § 727(a)(2). Further, defendant concealed, destroyed, mutilated, falsified or failed to keep and preserve records of the defendant's financial history pursuant to 11 U.S.C. § 727(a)(3). Plaintiff also alleges that defendant knowingly made false oaths or accounts in connection with the bankruptcy case pursuant to 11 U.S.C. § 727(a)(4).

## CONCLUSIONS OF LAW

The Court must grant the debtor a discharge, unless a condition in 11 U.S.C. § 727(a) is present. Plaintiff asserts grounds for denying defendant's discharge exist under 11 U.S.C. § 727(a)(2), (a)(3) and (a)(4). Each ground will now be discussed.

### 1. Concealment of Property of the Estate

Plaintiff alleges that defendant concealed property of the estate because defendant did not disclose on his schedules a recorded judgment in his favor and other tangible and intangible assets. Plaintiff relies on section 727(a)(2) to bar defendant's discharge. Section 727(a)(2), in pertinent part, reads:

(a) The court shall grant the debtor a discharge, unless—

.     .     .     .     .

(2) the debtor, with intent to hinder, delay, or defraud a creditor ... has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; or

(B) property of the estate, after the date of the filing of the petition;

. . . .

This Court has previously held that denial of discharge under section 727(a)(2)(A) requires the objecting party to show:

1. That a transfer occurred;

2. That the property transferred was property of the debtor;

3. That the transfer was within one year of petition; and

4. That at the time the transfer, the debtor possessed the requisite intent to hinder, delay or defraud a creditor.

*In Re Milam,* 172 B.R. 371, 374 (Bankr. M.D.Fla.1994) (quoting *In Re More,* 138 B.R. 102, 104 (Bankr.M.D.Fla.1992)). The objector has the burden of proving that the four elements have been met, and that the debtor should be denied discharge. *Id.;* F.Bankr. R.P. 4005.

There must be a showing of actual, not constructive, intent. *Milam,* 172 B.R. at 374. Intent can be ascertained from the totality of the circumstances. *Id.* This Court has previously used certain "badges of fraud" to determine intent:

1. The lack or adequacy of consideration;
2. The family, friendship or close association between the parties;
3. The retention of possession, benefit or use of the property in question;
4. The financial condition of the party sought to be charged both before and after the transaction in question;
5. The existence or cumulative effect of a pattern or series of transactions or course of conduct after incurring of debt on set of financial difficulties, or pendency or threat of suits by creditor; and
6. The general chronology of the events and transaction under inquiry.

*Id.*

Further, denial of discharge under section 727(a)(2)(B) requires the objecting party to show that defendant has concealed property of the estate after date of filing of the bankruptcy petition. *Oldendorf v. Buckman,* 173 B.R. 99, 106 (Bankr.E.D.La.1994).

### (a) Assignment of Money Judgment

Plaintiff contends that defendant concealed a $25,000.00 money judgment in his favor. Evidence presented at trial revealed that this money judgment was assigned to Little & Company ("Little") of Lakeland, Florida, a judgment creditor of CFI on or about February 28, 1995. (Defendant's Exhs. 2, 8 and 9).

Further, although only defendant's name appeared on the judgment, it was nevertheless a judgment sought on behalf of CFI. (Defendant's Exh. 7). Defendant brought the judgment on behalf of CFI because the corporation could afford to hire an attorney. The Court, therefore, finds that the $25,-000.00 judgment was not the property of the defendant.

It is undisputed, however, that transfer was within one year of the petition because defendant's petition for bankruptcy was filed less than two months after assignment of the $25,000 money judgment. Defendant assigned the right to collect on the judgment to Little on or about February 28, 1994. Defendant subsequently filed his Chapter 7 petition April 7, 1994.

Utilizing the "badges of fraud," the Court concludes that the defendant did not intend to hinder, defraud, or delay creditors and plaintiff by failing to list the judgment on his schedules and statement of financial affairs. There is adequacy of consideration because the defendant assigned to the judgment to satisfy Little, a judgment creditor of CFI. Defendant, in his capacity as President of CFI, had a business relationship with Little. Defendant retained no benefit from the money judgment. Defendant's financial condition remained substantially the same before and after he assigned the judgment. Thus, the plaintiff failed to sustain its burden of proof pursuant to section 727(a)(2) with respect to the transfer of the money judgment.

### (b) Ownership of Stock in a Defunct Corporation

Plaintiff also contends that defendant failed to list his ownership of CFI's stock. CFI was administratively dissolved on August 13, 1993. This Court is in agreement with other Bankruptcy Courts which have held that omitting stock which has a *de minimus* value is not sufficient to deny a discharge. *In Re Morris,* 58 B.R. 422, 429 (Bankr.N.D.Tex.1986); *In re Terkel,* 7 B.R. 801, 803 (Bankr.S.D.Fla.1980).

At the time of filing the petition, the CFI was a defunct corporation. Defendant's failure to list stock he owned on the schedules does not suggest fraudulent intent. No benefit could be derived from the ownership or sale of CFI's stock. Thus, plaintiff has not satisfied the requirements of section 727(a)(2).

### (c) Computer and Facsimile Machine

Plaintiff also argues that defendant failed to list a computer and facsimile machine as property of the defendant. Plaintiff admitted and the court received into evidence defendant's sworn depositions. (Plaintiff's Exhs. 6 and 7). Defendant stated that his daughter owned both machines. (Plaintiff's

Exh. 7 at 23). Plaintiff offered no other evidence that defendant owned either or both items. Plaintiff's objection to discharge is therefore overruled pursuant to section 727(a)(2).

### 2. Failure to Keep Records

■ Plaintiff also seeks denial of discharge pursuant to 11 U.S.C § 727(a)(3). Section 727(a)(3) states, in relevant part, that:

(a) The court shall grant the debtor a discharge, unless . . .

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transaction might be ascertained, unless such act or failure to act was justified under the circumstances of the case. . . .

■ Plaintiff has the initial burden to show reasonable grounds to believe that the books or records are inadequate. *In Re Milam*, 172 B.R. at 375. Although a full accounting of every business transaction is not required, debtor should maintain some written records from which present and past financial condition of debtor may be ascertained with substantial completeness and accuracy. *Id.* (quoting *In re Sowell*, 92 B.R. 944 (Bankr.M.D.Fla.1988)). A debtor's discharge cannot be denied where production of corporate financial records is inadequate because the corporation is a separate entity. *In Re More*, 138 B.R. at 105. Failure to keep records must be based on defendants's personal financial records. *Id.* A less stringent standard is imposed upon a debtor who is not engaged in business than one who maintains a business. *In Re Milam*, 172 B.R. at 375 (citing *In Re More*, 138 B.R. 102, 105 (Bankr.M.D.Fla.1992)). Each case, however, must be determined on its own facts. *Id.*

In this case, plaintiff contends that defendant should not be granted discharge because defendant failed and refused to keep adequate records of the financial affairs of CFI. Plaintiff argues that the records of CFI would reveal defendant's income from CFI and possible transfer of assets prior to filing of the bankruptcy petition. In his deposition, defendant stated he could not find any records of CFI and that the records of CFI are "probably somewhere between 4th Avenue and the dumpster, at the trash dump on Busline Road." (Plaintiff's Exh. 6 at 10–11). Defendant further stated that "[a] bunch of stuff fell out of the truck during the move and I didn't know what happened to it." (Plaintiff's Exh. 6 at 11). The court finds that the defendant, as the sole officer and shareholder of CFI, failed to keep or preserve records from which the debtor business transaction might be ascertained. (Defendant's Exh. 2). Therefore, the Court sustains the plaintiff's objection to discharge pursuant to section 727(a)(3).

### 3. Making False Oaths and Accounts

■ Finally, plaintiff asserts that defendant knowingly and fraudulently made false oaths and accounts pursuant to 11 U.S.C. § 727(a)(4)(A). Section 727(a)(4) states, in pertinent part, that:

(a) The court shall grant the debtor a discharge, unless . . .

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account;

. . . .

Discharge may be denied where debtor makes deliberate omissions. *In Re Chalik*, 748 F.2d 616, 618 (11th Cir.1984). Discharge can also be denied where debtor's omission is fraudulent and material. *Id.* A material omission exists when what is left out "bears a relationship to the bankrupt's business transactions or estate or concerns the discovery of assets, business dealings or the existence and disposition of his property." *Id.* The defendant cannot circumvent section 727(a)(4)(A) by claiming that the omitted information concern a worthless business or holding. *Id.* Omissions of assets or other information from debtor's schedules and statement of financial affairs, signed under penalty of perjury constitute a false oath. *In re Clawson*, 119 B.R. 851, 852 (Bankr.M.D.Fla.1990).

In this case, defendant failed to answer questions sixteen and seventeen on his state-

ment of financial affairs. (Plaintiff's Exh. 1). Question sixteen of defendant's statement of financial affairs asks whether debtor was an officer of a corporation within the past two years. Question seventeen of defendant's statement of financial affairs inquires about debtor's accountants and bookkeepers for the past six years. Both questions were left blank, although other previous and subsequent questions were answered. Defendant, in an affidavit admitted into evidence, stated that he is the sole officer and shareholder of CFI. (Defendant's Exh. 2). Information omitted by the defendant bears a relationship to the defendant's business transactions or estate or concerns the discovery of assets, business dealings or the existence and disposition of his property. Defendant offered no plausible explanation at trial for his failure to respond to these questions. The Court, therefore, sustains the plaintiff objection to discharge pursuant to section 727(a)(4).

### CONCLUSION

Plaintiff has not established a basis for denying defendant's discharge under sections 727(a)(2). However, the Court will deny defendant's discharge pursuant to 727(a)(3) and (a)(4)(A). The court will enter a separate judgment consistent with these findings of fact and conclusions of law.