In re David K. WADE, Debtor.

Nadine L. WADE, Plaintiff,

v.

David K. WADE, Defendant.

Bankruptcy No. 95–1976–BKC–3P7.
Adv. No. 95–168.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 23, 1995.

Burney Bivens, Orange Park, Florida, for Defendant.

Andrew J. Decker, III, Jacksonville, Florida, for Plaintiff.

### *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon complaint seeking denial of defendant's discharge pursuant to 11 U.S.C. § 727(a)(2)(A), (a)(4)(A), and (a)(5). Upon evidence presented at trial on August 22, 1995, the Court enters the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. Nadine L. Wade (plaintiff) and David K. Wade (defendant) obtained a divorce on April 18, 1995 in the Circuit Court of the Fourth Judicial Circuit in Duval County, Florida. The state court entered a Final Judgment of Dissolution of Marriage that ordered defendant to pay plaintiff $7,000.00 from certificates of deposit of the defendant.

2. On April 27, 1995, plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code. A Rule 2004 examination was held on May 17, 1995. During the course of that examination, several issues were pursued, giving rise to this adversary proceeding.

3. In the 2004 examination, defendant testified that he held two certificates of deposits in excess of $11,000.00. (Plaintiff's Ex. 5 at 8–10). Defendant liquidated both certificates of deposit between December 1994 and March 1995, using the proceeds to:

(a) make payments on credit card debts;

(b) make a partial payment on a cemetery plot, casket, crypt and tombstone for plaintiff;

(c) pay attorneys' fees in divorce and bankruptcy proceedings;

(d) pay for house painting, carpet cleaning and shampooing, and lawn maintenance;

(e) pay for an appraisal of his house; and

(f) purchase lottery tickets.

(Plaintiff's Ex. 5 at 8–16, 35).

4. Defendant further testified that after the divorce he decided to sell his house. (Plaintiff's Ex. 5 at 13). To make the house more marketable, defendant used the services of a Cleaning and Janitorial business (Cleaners), and transferred some furniture as part compensation. (Plaintiff's Ex. 5 at 21–33).

5. Defendant, however, retained twelve pieces of personal property that were initially not listed on his schedules. (Plaintiff's Ex. 5 at 21–30). Defendant explained that his initial omissions were unintentional. He also explained that believed he had no ownership interest in some of the items. (*Id.*). Defendant filed an amendment to Schedule B on May 19, 1995, listing the items originally omitted. (Plaintiff's Ex. 3).

6. Plaintiff filed an adversary proceeding on May 23, 1995 contending that defendant's discharge should be denied pursuant to 11 U.S.C. 727(a)(2)(A), (a)(4)(A) and (a)(5). Plaintiff alleges that defendant transferred property of the estate with intent to hinder, delay and defraud his creditors and the Court; knowingly made false oaths; and failed to explain satisfactory the loss of his assets.

7. Defendant denies all of the allegations. Defendant contends he made no false statements, and his failure to fully complete his schedules and statement of financial affairs was due to mere inadvertence. Finally, defendant argues that he satisfactorily explained the loss of his assets.

## CONCLUSIONS OF LAW

Plaintiff relies on sections 727(a)(2), (a)(4) and (a)(5) to bar defendant's discharge which, in pertinent part, reads:

(a) The court shall grant the debtor a discharge, unless—....

(2) the debtor, with intent to hinder, delay, or defraud a creditor ... has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed—

(A) property of the debtor, within one year before the date of filing of the petition....

(4) the debtor knowingly and fraudulently, in or in connection with case—

(A) made a false oath or account;
....

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge ... any loss of assets or deficiency of assets to meet the debtor's liabilities....

11 U.S.C. § 727 (1995). The Court will address each ground for denial of discharge accordingly.

### *A. Section 727(a)(2)(A)*

■ This Court has previously held that denial of discharge under section 727(a)(2)(A) requires the objecting party to show:

1. That a transfer occurred;
2. That the property transferred was property of the debtor;
3. That the transfer was within one year of petition; and
4. That at the time the transfer, the debtor possessed the requisite intent to hinder, delay or defraud a creditor.

*In re Milam,* 172 B.R. 371, 374 (Bankr. M.D.Fla.1994) (quoting *In re More,* 138 B.R. 102, 104 (Bankr.M.D.Fla.1992)). The objector has the burden of proving that the four elements have been met, and that the debtor should be denied a discharge. *Id.;* F.Bankr. R.P. 4005.

This Court finds that plaintiff has established only the first of the four elements required to deny defendant's discharge pursuant to section 727(a)(2)(A). A transfer occurred because defendant admits giving certain pieces of furniture to the cleaners. (Plaintiff's Ex. 5 at 21–33).

Next, there is a dispute regarding whether all the properties transferred was in fact property of the defendant. Plaintiff contends that defendant gave his furniture away to his daughters and friends. Defendant testified at trial that he did not own the items given to his daughters. Those items were passed on from his mother through him to his daughters. The Court finds that plaintiff has not given the Court any factual evidence that defendant owned the items given to his daughters. Other pieces of furniture owned by the defendant were given to the cleaners as part compensation.

Further, plaintiff alleges that the transfers took place only a few months before the defendant filed his bankruptcy petition. However, plaintiff failed to provide the Court with information giving exact dates or times when these transfers took place.

Finally, to satisfy the fourth element, there must be a showing of actual, not constructive, intent. *Milam,* 172 B.R. at 374. Intent can be ascertained from the totality of the circumstances. *Id.* This Court has previously used certain "badges of fraud" to determine intent:

1. The lack or adequacy of consideration;
2. The family, friendship or close association between the parties;
3. The retention of possession, benefit or use of the property in question;
4. The financial condition of the party sought to be charged both before and after the transaction in question;
5. The existence or cumulative effect of a pattern or series of transactions or course of conduct after incurring of debt on set of financial difficulties, or

pendency or threat of suits by creditor; and

6. The general chronology of the events and transaction under inquiry.

*Id.*

In this case, there is adequacy of consideration because defendant testified at the 2004 examination that the furniture he gave away served as partial payment to the cleaners for providing him with cleaning or janitorial services. (Plaintiff's Ex. 5 at 21–33). Although defendant described the cleaners as his friends, they were also employed by him to perform cleaning services. Defendant did not retain any beneficial use of the properties after transfer, and his financial condition did not improve as a result. Consequently, plaintiff failed to establish that defendant intended to hinder, delay or defraud his creditors or the Court. Plaintiff's request for entry of final judgment denying defendant's discharge pursuant to 727(a)(2)(A) will be denied.

## B. Section 727(a)(4)(A)

■ Plaintiff contends that defendant made false oaths because he failed to disclose personal property valued at $1,110.00 and failed to list payment of $1,600.00 to his divorce attorney. A discharge may be denied where debtor makes deliberate omissions. *In re Chalik,* 748 F.2d 616, 618 (11th Cir.1984). Discharge can also be denied where debtor's omission is fraudulent and material. *Id.* A material omission exists when what is left out "bears a relationship to the bankrupt's business transactions or estate or concerns the discovery of assets, business dealings or the existence and disposition of his property." *Id.*

■ The defendant cannot circumvent section 727(a)(4)(A) by claiming that the omitted information has zero or little value. *Id.* However, the Court can consider the value to ascertain whether the defendant has the intent and motivation to deceive, and to determine the materiality of the omissions. *In re Graham,* 122 B.R. 447, 451 (1990). Paramount is the veracity of the debtor's statements. *Milam,* 172 B.R. at 375.

■ In this case, defendant acknowledged his failure to disclose personal properties in his possession on his schedules. Consequently, the sole issue is whether the omission was deliberate or fraudulent. Defendant testified that his failure to list items on his schedules was inadvertent, rather than deliberate. Defendant subsequently filed an amendment to his schedules listing items that were initially omitted. (Plaintiff's Ex. 3). The Court finds that plaintiff fails to prove that defendant's omissions were deliberate or fraudulent. Further, it is this Court's opinion that defendant's initial omissions, under the totality of the circumstances, were not material. Defendant's omissions were mere oversights and should not deny him the right to a "fresh start." [1]

## C. Section 727(a)(5)

■ Pursuant to section 727(a)(5), the court will deny a debtor a discharge if the debtor fails to provide a satisfactory explanation of losses of his assets. The plaintiff has the burden of going forward and must prove with more than just mere allegations that the debtor failed to explain loss of assets. *In re More,* 138 B.R. 102, 106 (Bankr.M.D.Fla. 1992). The plaintiff's burden, however, does not remove the need for the debtor to provide a satisfactory explanation of the loss of his assets. *In re Chalik,* 748 F.2d 616, 619 (11th Cir.1984) (citations omitted). Defendant's explanation is satisfactory if it convinces the trier of the facts. *Id.*

■ In this case, defendant testified that the monies obtained from the liquidated certificates were used to:

---

1. Having determined that debtor made no false oaths, the court will not address whether the defendant's amendment to his schedules erases false oaths under 727(a)(4). However, the court notes that a debtor cannot cure an intentional omission from his schedules through filing an amendment. *See In re Gipe,* 157 B.R. 171, 178 (Bankr.M.D.Fla.1993) (stating that, "[t]he fact that the transfers were [not] disclosed originally but revealed only at the § 341 meeting of creditors or later by an amendment is of no consequence."); *In re Gorgen,* 126 B.R. 806, 808 (Bankr.M.D.Fla.1991) (holding that, "[a]n amendment does not expunge the falsity of an oath."); *In re McMahon,* 116 B.R. 857, 862 (Bankr.M.D.Fla.1990) (stating that, "[i]t is well established that subsequent disclosure does not expunge a prior false oath.").

(a) make payments on credit card debts;

(b) make a partial payment on a cemetery plot, casket, crypt and tombstone for plaintiff;

(c) pay attorneys' fees in divorce and bankruptcy proceedings;

(d) pay for house painting, carpet cleaning and shampooing, and lawn maintenance;

(e) pay for an appraisal of his house; and

(f) purchase lottery tickets.

(Plaintiff's Ex. 5 at 12–16, 35). Although some of the defendant's expenditures are imprudent and overly optimistic, the Court finds that such conduct does not warrant denial of discharge. Plaintiff has therefore failed to convince the Court it should deny the defendant's discharge under section 727(a)(5).

## CONCLUSION

The plaintiff has not established a basis for denying defendant's discharge under section 727(a)(2)(A), (a)(4)(A) or (a)(5).