**In re Richard F. POND and Lillie L. Pond, Debtors.**

**Aaron R. COHEN, Trustee, Plaintiff,**

v.

**Richard F. POND and Lillie L. Pond, Defendants.**

**Bankruptcy No. 97–4812–3P7. Adversary No. 97–309.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

May 18, 1998.

Aaron R. Cohen, Jacksonville, FL, for plaintiff.

Peter C. Blinn, Ocala, FL, for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon Complaint objecting to discharge filed pursuant to 11 U.S.C. §§ 727(a)(2) and (a)(4)(A).[1] After a trial on March 31, 1998, the Court enters the following Findings of Fact and Conclusions of Law.

[1] The Complaint includes allegations based upon the violation of 11 U.S.C. §§ 727(a)(4)(D) and (a)(5). However, the plaintiff failed to argue for the denial of the defendants' discharge on these grounds in the papers submitted to the Court and the Court declines to address these issues. Fur-

*FINDINGS OF FACT*

1. Richard F. and Lillie L. Pond, Defendants, filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 26, 1997. Plaintiff, Aaron R. Cohen, was appointed Trustee and on September 17, 1997, filed a Complaint Objecting to Debtors' Discharge.

2. With their petition the defendants filed Schedules and a Statement of Financial Affairs. (Pl.Ex.1.)

3. Defendants failed to disclose their interest in certain household items on their Schedules and filed an Amendment to Schedule B & C on September 5, 1997. (Pl.Ex.2.) The Amendment defined the following personal property, valued at $50.00, as property belonging to the defendants which was excluded from their schedules: coffee pot, toaster, microwave, small kitchen table, various pots/pans, silverware and assorted dishes. (*Id.*)

4. The defendants stated on their Schedules that they had no interest in a checking, savings, or other bank account. However, a Jaguar Teal account statement at First Union National Bank of Florida, dated June 17, 1997 thru July 17, 1997, indicates that an account in the name of "Richard F. Pond, in trust for Carol Scott" was in existence on the petition date. (Pl.Ex.4.) The balance of the account at that time was approximately $400.00. (*Id.*)

5. Defendants first consulted with their bankruptcy attorney in September, 1996.

6. In December, 1996, Defendants purportedly placed a lien on a 1992 Dodge Dakota in favor of Arayna Riley (Riley), Lillie Pond's sister, in exchange for a $5,000 loan. Riley is named first lienholder on the certificate of title for the vehicle. (Pl.Ex.3.)

7. Riley and Defendants testified that Lillie Pond approached Riley in November, 1996, to request a loan. Riley then suggested that the defendants' Dodge truck be con-

thermore, Plaintiff did include an argument based on an alleged violation of 11 U.S.C. § 727(a)(3) in his papers. However, this ground was not pled in the Complaint and the Court declines to address any argument regarding a violation of § 727(a)(3).

sidered collateral for the loan. The terms of the agreement, as testified to by both Riley and Lillie Pond, provided that if the loan by Riley to Defendants was not repaid within three years the truck would become the property of Riley. Neither Riley or the defendants provided written documentation of the agreement.

8. Riley testified that in exchange for the lien on the defendants' vehicle she loaned the defendants $5,000 in cash. Riley further testified that she did not have a bank account at the time of the loan and kept the cash hidden in her home. According to Riley, the cash was obtained by saving parts of her salary and income tax refunds for several years.

9. During the period in which Riley allegedly accumulated these funds she worked as a desk clerk for a hotel and subsequently as a waitress.

10. Defendants corroborated Riley's testimony, stating that Riley loaned them $5,000 in cash. Defendants testified that they did not have a bank account at the time of Riley's loan and hid the money in a closet in their home.

11. According to Defendants' testimony, as well as Defendants' Response to Plaintiff's Request for Admission to Defendants, (Pl. Ex.6.), Defendants reported to the plaintiff that they used the $5,000 to pay for living expenses but had no written documentation to support the expenditure of the funds.

12. During the trial Defendants introduced several exhibits purporting to document how the funds were spent by the defendants. (Defs.Ex.2–6, 8.) The exhibits consist of rental receipts and car repair receipts, and total $2967.81. However, the receipts do not reflect that the subject payments were actually made with the funds allegedly loaned to the Defendants by Riley.

13. Testimony provided by Lillie Pond attempted to establish that the remainder of the $5,000 was spent on dental work, Christmas presents, travel, living expenses, and attorney's fees.

## CONCLUSIONS OF LAW

The plaintiff alleges that the defendants made a transfer of an interest in their 1992

Dodge Dakota with the intent to hinder, delay, or defraud creditors. Plaintiff further contends that the defendants knowingly and fraudulently made false oaths or accounts by signing their Schedules under penalty of perjury when they contained material omissions relating to the existence of assets. Consequently, Plaintiff requests that the defendants be denied their discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A) and (a)(4)(A).

### 11 U.S.C. § 727(a)(2)(A)

Plaintiff first asserts that a discharge should be denied the defendants on the basis of 11 U.S.C. § 727(a)(2)(A). Specifically, Plaintiff argues that the defendants caused a lien to be placed on the only asset available for their creditors without obtaining consideration. Plaintiff contends that the defendants never received $5,000 from Riley, and no loan transaction ever took place.

 11 U.S.C. § 727(a)(2)(A) provides as follows:

(a) The court shall grant the debtor a discharge, unless—

(2) the debtor with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition; . . . .

11 U.S.C. § 727(a)(2)(A) (1998). In order to obtain the denial of a debtor's discharge pursuant to § 727(a)(2)(A), the objecting party must show that:

1. a transfer occurred;

2. the property transferred was property of the debtor;

3. the transfer was within one year of the petition;

4. at the time of the transfer, the debtor possessed the requisite intent to hinder, delay or defraud a creditor.

*Barthlow v. More (In re More),* 138 B.R. 102, 104 (Bankr.M.D.Fla.1992) (citing *In re Peeples,* 105 B.R. 90, 93 (Bankr.M.D.Fla.1989)).

The burden of establishing each of the above elements and of proving that the debtor's discharge should be denied rests with the plaintiff. *Id.;* Fed.R.Bankr.P. 4005.

The first three factors required to deny the defendants' discharge under § 727(a)(2)(A) can be summarily dispensed with by the Court. It is undisputed that the defendants transferred an interest in their 1992 Dodge Dakota to Riley in December, 1996, some six months prepetition.

■■■ The issue in contention in this proceeding is whether the defendants had the intent to hinder, delay, or defraud their creditors when they placed the lien on their vehicle. To prove the requisite intent, Plaintiff must show that the defendants had an actual, not constructive, intent to hinder, delay, or defraud their creditors. *Mahon v. Milam (In re Milam)*, 172 B.R. 371, 374 (Bankr.M.D.Fla.1994). Actual intent may be ascertained from the totality of the circumstances. *Id.* (citing *Future Time Inc. v. Yates*, 26 B.R. 1006 (N.D.Ga.1983)). Specific "badges of fraud" which may be used by the Court as indicia of intent include:

1. The lack or adequacy of consideration;
2. the family, friendship or close association between the parties;
3. the retention of possession, benefit or use of the property in question;
4. the financial condition of the party sought to be charged both before and after the transaction in question;
5. the existence or cumulative effect of a pattern or series of transactions. or course of conduct after incurring of debt on set of financial difficulties, or pendency or threat of suits by creditor; and
6. the general chronology of the events and transactions under inquiry.

*Id.*

■■■ The Court finds that the defendants failed to receive consideration in exchange

for the placement of a lien on their vehicle. The Court does not find Defendants' or Riley's testimony regarding the alleged $5,000 loan to be credible. The feasibility of Riley's accumulation of such a substantial sum of money, Riley's testimony that she kept the money hidden in her home rather than in a bank account, the fact that the defendants also purportedly hid such a sizable amount of cash in their home, the lack of terms and documentation for the transaction, as well as a lack of receipts representing how the funds were spent [2] all deny the alleged existence of the $5,000.

Four of the remaining elements indicating an actual intent to hinder, delay, or defraud are also present in this proceeding. The relationship of the parties to this transaction was obviously close: the lien was granted to Lillie Pond's sister. Moreover, the defendants admit that they retained possession and use of the vehicle. The defendants' financial condition was worsened by the granting of the lien in that the estate was deprived of Defendants' only significant asset. The final factor indicating fraudulent intent weighs heavily against the defendants. Although the Court recognizes the fact that these defendants are not financially sophisticated, it finds it incredulous to believe the chain of events which allegedly occurred in relation to this transaction.

The fifth factor is the only factor weighing in favor of the defendants. There is no evidence to substantiate the occurrence of a series of transactions subsequent to the onset of Defendants' financial difficulties.

The presence of a majority of the elements utilized to determine fraudulent intent and the totality of the circumstances involved in this proceeding convince the Court that the defendants had the requisite intent to defraud their creditors at the time they granted

---

**2.** In their response to Plaintiff's Request for Admissions to Defendants, (Pl.Ex.6), the defendants admitted the following: "That there is no documentation in any form whatsoever which evidences or supports how and/or to whom the $5,000 was disbursed by the defendants." It was only on the day of trial that the defendants proclaimed that they did have receipts to evidence

how the funds were disbursed. Those receipts were admitted into evidence during trial. However, the receipts do not indicate the source of funds for the payments and the Court is therefore unable to conclude that Defendants' exhibits are in fact evidence of the manner in which the alleged funds were expended.

a lien on their vehicle to Riley. Finding all of the elements of § 727(a)(2)(A) to be present, the Court will deny the defendants' discharge.

### 11 U.S.C. § 727(a)(4)(A)

Plaintiff alleges that the defendants deliberately and intentionally omitted certain assets in their Schedules in contravention of 11 U.S.C. § 727(a)(4)(A). Plaintiff asserts that Defendants purposefully failed to report their interest in numerous household goods in addition to a bank account with a petition date balance of approximately $400.00, naming "Richard F. Pond, in trust for Carol Scott" as the account holder. Plaintiff further claims that Defendants deliberately failed to disclose the fact that they made rent payments to Richard Pond's sister totaling $600.00, as well as the fact that their landlord was in possession of Defendants' $1550.00 security deposit. Defendants request that the Court find that, although the defendants did omit some insubstantial assets in their Schedules, they did not do so knowingly and fraudulently.

■■■ 11 U.S.C. § 727(a)(4) provides for the denial of discharge to a debtor who knowingly and fraudulently makes a false oath or account in connection with the case. 11 U.S.C. § 727(a)(4)(A) (1998). Discharge will also be denied to a debtor who makes a deliberate omission where the omission is fraudulent and material. *Chalik v. Moorefield (In re Chalik),* 748 F.2d 616, 618 (11th Cir.1984); *Mahon v. Milam (In re Milam),* 172 B.R. 371, 375 (Bankr.M.D.Fla.1994) (citing *Swicegood v. Ginn,* 924 F.2d 230 (11th Cir.1991)). Conversely, a mistaken or inadvertent omission will not support denial of discharge. *Kalvin v. Clawson (In re Clawson),* 119 B.R. 851, 852 (Bankr.M.D.Fla.1990) (citing *In re MacDonald,* 50 B.R. 255 (Bankr. Mass.1985)).

■■■ A series of omissions evidencing a reckless disregard for the truth is sufficient to establish a fraudulent intent on the part of the debtor. *Id.* at 852–53. The materiality of the omission may be demonstrated by proof that the omission relates to the discovery of assets. *Chalik,* 748 F.2d at 618. Moreover, although the value of the omission

does not control the operation of the statute, value may be considered by the Court in ascertaining both the debtor's intent and the materiality of the omissions. *Wade v. Wade (In re Wade),* 189 B.R. 522, 526 (Bankr. M.D.Fla.1995) (citing *In re Graham,* 122 B.R. 447, 451 (1990)). "Where the assets omitted from the bankruptcy schedules are of little or no value, fraudulent attempts to conceal assets will not be imputed." *Chevy Chase Fed. Sav. Bank v. Graham (In re Graham),* 122 B.R. 447, 452 (Bankr.M.D.Fla. 1990).

■■■ The Court finds that the defendants' omissions in their Schedules do not indicate fraudulent intent and are not material. The omissions are therefore insufficient to support the denial of the defendants' discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

The defendants filed an Amendment to Schedule B and C reflecting the omission of certain household items valued at $50.00 from their initial Schedules. Although a debtor cannot cure an intentional omission from his schedules by filing amendments, *In re Wade,* 189 B.R. at 523, the Court is not convinced that the omission of household items was intentional. The omission of these items is not material, nor does Defendants' testimony support the allegation of a deliberate or fraudulent omission.

Regarding the defendants' failure to disclose the account held in trust for Carol Scott, the Court also finds a lack of fraudulent intent. The defendants' testimony revealed that the defendants were separated at the time the trust account was opened. Further testimony convinced the Court that the omission of the account resulted from confusion on the part of the defendants as to when their various bank accounts were opened and closed rather than from a fraudulent intent to conceal the existence of the trust account.

Plaintiff's final allegation under 11 U.S.C. § 727(a)(4)(A) concerns the defendants' failure to report the transfer of $600.00 in rental payments and a security deposit of $1,550.00 in their Schedules. The Court does not find these omissions to be fraudulent or material such that the denial of the defendants' discharge is warranted. Specifically regarding the asserted nondisclosure of a $1,550.00 se-

curity deposit, the receipt for the deposit evidences that the funds represented payment of not only a security deposit, but two months rent in addition. (Defs.Ex.1.) Furthermore, the defendants testified that the remainder of the $1,550.00 which originally represented a security deposit was subsequently applied toward the defendants' rental payments by the landlord.

Even when considered cumulatively, the above omissions do not evidence fraudulent intent on the part of the defendants and are immaterial. The Court therefore declines to deny the debtors their discharge on the basis of 11 U.S.C. § 727(a)(4)(A).

### CONCLUSION

Plaintiff has sustained his burden of establishing that the defendants possessed the intent to hinder, delay or defraud creditors as required for the denial of a discharge under § 727(a)(2)(A), but has failed to meet his burden of proof with respect to § 727(a)(4)(A). Both defendants will be denied a discharge and a separate judgment consistent with these findings of fact and conclusions of law will be entered.