**In re Randy ROSS, Debtor.**

**Blue Dream Pools, Inc., Plaintiff,**

v.

**Randy Ross, Defendant.**

**Bankruptcy No. 6:06–bk–03499–ABB.**
**Adversary No. 6:07–ap–00010–ABB.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

July 19, 2007.

Order Denying Reconsideration
Aug. 7, 2007.

Erik F. Szabo, Higley & Szabo, P.A., Altamonte Springs, FL, for Plaintiff.

Randy Ross, Orlando, FL, pro se.

## ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Motion for Entry of Final Judgment By Default ("Motion")[1] filed by Blue Dream Pools, Inc., the Plaintiff herein ("Plaintiff"), against Randy Ross, the Defendant and Debtor herein ("Debtor"). The Plaintiff objects to the Debtor receiving a discharge pursuant to 11 U.S.C. Sections 727(a)(2), 727(a)(3), and 727(a)(4)(A) in Count I and pursuant to 11 U.S.C. Section 548 in Count II of the Complaint and requests judgment by default on its Complaint.[2]

An evidentiary hearing was held on June 4, 2007 and counsel for the Plaintiff was present. The Court subsequently contacted the Chapter 7 Trustee and requested she submit to the Court and all related parties her position on the Plaintiff's Motion. The Trustee responded with Trustee's Statement of Position ("Trustee's Statement") on June 15, 2007.[3] After re-

---

1. Doc. No. 14.

2. Doc. No. 1: The body of the Complaint appears to seek a denial of the discharge pursuant to Section 727 rather than seeking a debt be deemed nondischargeable as requested in the prayer for relief in the Complaint and in the Motion. The Complaint is treated as an objection to the Debtor's receipt of a discharge.

3. Doc. No. 18.

viewing the pleadings and evidence, hearing live argument, and being otherwise fully advised in the premises, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

The Debtor contracted with the Plaintiff for the construction of a swimming pool. The Plaintiff instituted a state court action against the Debtor upon the Debtor's failure to tender payment on the contract. The Debtor subsequently formed Summerlin South Land, LLC with his mother, Betty Ross, on April 4, 2006 and transferred two parcels of property he and his mother owned to Summerlin South Land, LLC. The Plaintiff obtained a final judgment against the Debtor on May 9, 2006 in the state court action. The Debtor filed his Chapter 7 bankruptcy petition on December 20, 2006 ("Petition Date"). The Debtor has not responded to the Complaint or the Motion, nor has he appeared in this adversary proceeding.

### Count I of Complaint

The Plaintiff asserts the Debtor is not entitled a discharge of his debts in Count I of its Complaint. It alleges the Debtor falsely attested in his bankruptcy petition to his current residence qualifying as his "homestead," the value of Summerlin South Land, LLC was "Unknown," and he had not transferred property within two years immediately preceding the commencement of his bankruptcy case. The Plaintiff contends the Debtor has transferred, removed, or concealed property within one year of the Petition Date with the intent to hinder, delay, or defraud his creditors; he has concealed and falsified records concerning his financial condition or business transactions; and he has knowingly and fraudulently made a false oath or account in his bankruptcy petition and schedules.

The Plaintiff seeks the entry of a final judgment against the Debtor through its Motion. The Plaintiff did not submit any supporting affidavits to substantiate its allegations in the Motion and it did not present evidence at the final evidentiary hearing to validate its Motion. The Plaintiff's Motion is due to be denied on Count I.

### Count II of Complaint

The Plaintiff seeks in Count II of its Complaint to avoid the fraudulent conveyance of property by the Debtor within one year before the Petition Date with the intent to hinder, delay, or defraud the Plaintiff. The Trustee is the only party encompassing avoidance powers. The Plaintiff does not have standing to bring an avoidance action against the Debtor. Count II of the Complaint is due to be dismissed.

## CONCLUSIONS OF LAW

### Count I of Complaint

The Plaintiff objects to the discharge of the Debtor pursuant to 11 U.S.C. Sections 727(a)(2), 727(a)(3), and 727(a)(4)(A) in Count I of its Complaint. It seeks the entry of a judgment against the Debtor pursuant to Federal Rule of Civil Procedure 55(b)(2), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7055.

Section 727(a) of the Bankruptcy Code sets forth a debtor shall be granted a discharge unless a debtor has, among other things: (i) within one year of the petition date and with the intent to hinder, delay, or defraud a creditor, transferred, removed, destroyed, mutilated, or concealed property of the debtor or the estate (11 U.S.C. Section 727(a)(2)); (ii) concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded

information from which the debtor's financial condition might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case (11 U.S.C. Section 727(a)(3)); or (iii) knowing and fraudulently made a false oath or account in his bankruptcy petition and schedules (11 U.S.C. Section 727(a)(4)(A)).

 The party objecting to the dischargeability of a debt carries the burden of proof and the standard of proof is preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); Fed. R. Bankr.P. 4005 (2005). Objections to discharge are to be strictly construed against the creditor and liberally in favor of the debtor. *In re Hunter*, 780 F.2d 1577, 1579 (11th Cir. 1986); *In re Bernard*, 152 B.R. 1016, 1017 (Bankr.S.D.Fla.1993). "Any other construction would be inconsistent with the liberal spirit that has always pervaded the entire bankruptcy system." 4 COLLIER ON BANKRUPTCY ¶ 523.05, at 523–24 (15th ed. rev.2005).

 A creditor asserting the intent to defraud pursuant to Section 727(a)(2)(A) bears the significant burden of indicating actual fraudulent intent. *In re Miller*, 39 F.3d 301, 306 (11th Cir.1994) *citing In re Wines*, 997 F.2d 852, 856 (11th Cir.1993). Constructive fraud is not adequate. *Id.* "Section 727(a)(2) is intended to prevent the discharge of a debtor who attempts to avoid payment to creditors by concealing or otherwise disposing of assets." 6 COLLIER ON BANKRUPTCY ¶ 727.02, at 727–13 (15th ed. Rev.2005). "Concealment under this section occurs when a debtor's interest in the property is not obvious, but the debtor continues to reap the benefits the property has to offer." *In re Greene*, 340 B.R. 93, 98 (Bankr.M.D.Fla.2006) *citing*

*IRS v. Petersen (In re Petersen)*, 312 B.R. 385, 392 (Bankr.N.D.Iowa 2004).

 The purpose of Section 727(a)(3) is to make certain that the creditors and the trustee are given sufficient information to understand the debtor's financial condition. 6 COLLIER ON BANKRUPTCY ¶ 727.03[3][a], at 727–31 (15th ed. rev. 2004). The debtor's presented records, to qualify as sufficient, must enable his creditors to ascertain his present financial condition and to follow his business transactions for a reasonable period of time in the past. *In re Juzwiak*, 89 F.3d 424, 427 (7th Cir.1996).

 The creditor objecting to discharge carries the initial burden to establish reasonable grounds to believe that the books or records are inadequate. *In re Milam*, 172 B.R. 371, 375 (Bankr.M.D.Fla. 1994); Fed. R. Bank. Pro. 4005. Section 727(a)(3) does not require a full accounting of every business transaction, but "there should be some written records, orderly made and preserved, from which the present and past financial condition of the debtor may be ascertained with substantial completeness and accuracy." *In re Sowell*, 92 B.R. 944, 947 (Bankr.M.D.Fla.1988). Each case must be determined on its own facts. *Milam*, 172 B.R. at 375. The standard applied to a debtor who is involved in business may be more stringent than the standard imposed on a debtor who is an unsophisticated wage earner. *Id.; Meridian Bank v. Alten*, 958 F.2d 1226, 1231 (3d Cir.1992).

 Courts will not grant a discharge if the debtor knowing and fraudulently made a false oath or account in connection with the bankruptcy case pursuant to 11 U.S.C. 727(a)(4)(A). "To justify denial of discharge under § 727(a)(4)(A), the false oath must be fraudulent and material."

*Swicegood v. Ginn,* 924 F.2d 230, 232 (11th Cir.1991).

 The Plaintiff has not provided any evidence to substantiate the allegations raised and justify the entry of final judgment by default. It has not established the Debtor's actual fraudulent intent in defrauding his creditors. It did not submit any supporting affidavits to validate its Motion. Plaintiff did not present any evidence as to the Debtor's failure to maintain adequate business records and he has not established the Debtor made a false oath or account relating to his bankruptcy case.

 Default judgments are disfavored by the federal courts. *U.S. on Behalf of Time Equip. Rental v. Harre,* 983 F.2d 128, 130 (8th Cir.1993). The entry of a default judgment is ". . . committed to the discretion of the district court." *Hamm v. De Kalb County,* 774 F.2d 1567, 1576 (11th Cir.1985). Having considered the relevant facts of this case and the Plaintiff's failure to establish the elements of 11 U.S.C. Section 727, the entry of a default judgment against the Debtor is not proper. The Debtor's Motion is due to be denied on Count I of the Complaint.

### Count II of Complaint

 The Plaintiff seeks in Count II of its Complaint to avoid the fraudulent conveyance of property by the Debtor within one year before the Petition Date with the intent to hinder, delay, or defraud the Plaintiff. Section 548 provides "[t]he trustee may avoid any transfer . . . of an interest of the debtor in property." 11 U.S.C. § 548. The statute is clear and unambiguous. The Trustee is the only party encompassing avoidance powers. The Plaintiff does not have standing to bring an avoidance action against the Debtor. Count II of the Complaint is due to be dismissed.

Accordingly, it is

**ORDERED, ADJUDGED and DE-CREED** that the Plaintiff's Motion is hereby **DENIED;** and it is further

**ORDERED, ADJUDGED and DE-CREED** that Count II of the Plaintiff's Complaint is due to be **DISMISSED;** and it is further

**ORDERED, ADJUDGED and DE-CREED** that a status hearing on Count I of the Complaint shall be held on **August 20, 2007 at 11:00 a.m.**

### ORDER

This matter came before the Court on the Motion for Rehearing (Doc. No. 25) ("Motion") filed by Blue Dream Pools, Inc., the Plaintiff herein (the "Plaintiff"), seeking reconsideration of the Order entered on July 19, 2007 (Doc. No. 23) ("Order"). The Plaintiff filed a two-count Complaint seeking denial of the Debtor's discharge pursuant to 11 U.S.C. Section 727 in Count I and avoidance of certain alleged transfers in Count II. The Order dismissed the Plaintiff's request for a final judgment by default on Count I, and set a status conference on Count I for August 20, 2007.

The Plaintiff filed the motion within ten days of the entry of the Order and cites Federal Rule of Civil Procedure 12 in support of its motion. Rule 12 is inapplicable. A motion for reconsideration filed within ten days after the entry of an order is treated as a motion to alter or amend the order pursuant to Federal Rule of Civil Procedure 59(e), which is made applicable to bankruptcy proceedings through Federal Rule of Bankruptcy Procedure 9023. *In re Waczewski,* Case No. 6:06–bk–00620–KSJ, 2006 WL 1594141 (Bankr.M.D.Fla. May 5, 2006); *In re Mathis,* 312 B.R. 912, 914 (Bankr.S.D.Fla.2004). The Motion is

governed by Federal Rule of Civil Procedure 59(e).[1]

■ Rule 59(e) does not specify grounds for relief, but the Eleventh Circuit Court of Appeals has articulated the only grounds for granting a motion for reconsideration "are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir.1999). Reconsideration of an order pursuant to Federal Rule of Civil Procedure 59(e) "is an extraordinary remedy to be employed sparingly." *In re Mathis,* 312 B.R. at 914 (*citing Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D.Fla.1994)).

■ The Plaintiff has presented no newly-discovered evidence or manifest error of law or fact warranting the reconsideration or amendment of the Order. The entry of a default judgment is "... committed to the discretion of the district court." *Hamm v. De Kalb County,* 774 F.2d 1567, 1576 (11th Cir.1985). No basis for reconsideration or amendment of the Order has been established pursuant to Federal Rule of Civil Procedure 59(e).

The Plaintiff contends it has not been allowed an opportunity to present evidence on Count I. The Plaintiff shall have an opportunity to present evidence in support of Count I at trial, in the event the Plaintiff desires a trial be set. The last sentence of the Order sets a status conference on Court I of the Complaint for August 20, 2007 at which the parties shall advise the Court as to the status of this matter and a trial date shall be set, if appropriate.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Plaintiff's Motion is hereby **DENIED.**

---

1. Federal Rule of Civil Procedure 59(e) entitled "Motion to Alter or Amend Judgment" provides: "Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."